*931 OPINION.
Smith:
The respondent contends that petitioner, who kept his accounts and filed his income-tax returns upon the basis of cash receipts and disbursements, realized income in the amount of the gross receipts from the sale of oil and gas credited to him upon the books of the Ohio Oil Company during the taxable years before us. Pursuant to the two agreements, the Ohio Oil Company developed and operated the oil leases, charged petitioner with his proportionate part of the expenses therefor, and, upon the sale of the oil and gas produced, credited him with his proportionate part of the receipts therefrom. In support of his contention, respondent argues, first, that petitioner and the Ohio Oil Company were joint adventurers and that the gross receipts in the hands of the latter constituted income to petitioner; and, second, that petitioner constructively received the amounts in question, since they “ were set apart and dedicated to his use ” and that “ he became enriched by the gradual reduction of his liability and that enrichment represents income ” to him. The first argument is predicated upon the assumption that in a joint adventure the adventurers individually account for their respective shares of the gross income from and the gross expenses of the enterprise. The cases cited by the respondent on this point correctly hold that members of syndicates are taxable upon their distributive shares of the net earnings of the syndicate, even though a portion of such earnings is retained for future contingencies. See Ferry Market, Inc., 5 B. T. A. 167; Walter S. Dickey, 14 B. T. A. 1295; Glenmore Securities Corporation, 24 B. T. A. 697. The second argument is based upon cited decisions holding that (a) money paid for the benefit of the taxpayer constitutes income to him (Blalock v. Georgia Ry. & Electric Co., 246 Fed. 387; Old Colony Trust Co. v. Commissioner, 279 U. S. 716; United States v. Boston & M. R. R., 279 U. S. 732); (b) the incidence of tax upon income can not be escaped *932 by anticipatory arrangements (Corliss v. Bowers, 281 U. S. 376; Lucas v. Earl, 281 U. S. 111; McCaulay v. Commissioner, 44 Fed. (2d) 919); and (c).a taxpayer’s share of partnership earnings is income to him although the amount is applied to,the payment of his note given for his interest in the partnership (William B. Grise, 6 B. T. A. 743). Such arguments are iñapplicable to the facts of record, which show that petitioner incurred no liability to the corporation and that he received, and was entitled to receive, only his proportionate share of the net earnings from the enterprise.
Petitioner contends that “ the gross receipts entered on the Ohio Oil Company’s books were not subject to the demand of petitioner and could not be reduced to possession by him until such time as all of the costs and expenses of the Ohio Oil Company had been paid.” This contention is consistent with the agreements of the parties and their conduct in carrying out their agreements. Petitioner was entitled to a monthly remittance of his percentage of the proceeds from the sale of the oil and gas produced under the leases “ over and above the amount necessary to reimburse ” the Ohio Oil Company “ for the expenditures made by it on account of ” the petitioner’s interest. In other words, the petitioner had no right to receive anything from these operations until there were net earnings. The facts show that there were no net earnings upon petitioner’s interest from the operations under the Blanket Agreement during the taxable years, but that the operations under the Section 34 Agreement produced net earnings of $49,928.17 (after absorbing the loss of $415.65 for 1919) in 1920 and $53,250.79 in 1921 upon his interest. The difference between these amounts and the amount of cash received by petitioner in the respective years is not explained, and neither does it appear that any portion of the net earnings upon his interest in the operations under the Section 34 Agreement were applied against the charges incident to the operations under the Blanket Agreement. It does not appear of record, and petitioner apparently does not contend, that he was not entitled to receive upon demand payment of the net earnings under the Section 34 Agreement during the taxable years 1920 and 1921. In the circumstances, we hold that these amounts, representing his distributive share of net earnings under that agreement, constituted taxable income to him in those years. Ferry Market, Inc., supra; Walter S. Dickey, supra; Glenmore Securities Corporation, supra; Frank G. Wild, 24 B. T. A. 691. See also McMurray v. Reynolds, 38 Fed. (2d) 480. In thus determining the amount of income that petitioner realized under the agreements with the Ohio Oil Company, *933 it is not necessary to discuss further either the respondent’s or the petitioner’s arguments regarding the constructive receipt of income, except to state that the instant decision is in accord with the Board’s decisions on that question. Cf. Geo. P. and Bessie P. Douglas, 1 B. T. A. 372; Clarence Schock, 1 B. T. A. 528; John A. Brander, 3 B. T. A. 231; Albert J. Sullivan, 16 B. T. A. 1347; Mary Miller Braxton, 22 B. T. A. 128.

Judgment will be entered under Rule 50.