In the Matter of the Application of FREDERICK PFLOMM et al., as Executors of and Trustees under the Will of CHARLES E. JOHNSON, Deceased, Appellants.

RICHARD O. JOHNSON et al., Appellants; KATE A. JOHNSON, Individually and as Executrix and Trustee, Respondent.

*Will — intent of testator that income taxes assessed against widow should be paid out of " general estate "— share of income paid to widow a part of " general estate " and must bear its proportion of such taxes.*

*Matter of Johnson,* 214 App. Div. 1, modified.

(Argued October 8, 1925; decided October 20, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered August 4, 1925, which reversed a decree of the New York County Surrogate's Court construing the will of Charles E. Johnson, deceased.

. *Seldon Bacon* for petitioners, appellants.

*Emerson F. Davis* for Richard O. Johnson et al., appellants.

*Joseph W. Keller,* special guardian, appellant.

*George Gordon Battle, Aaron C. Thayer* and *Isaac H. Levy* for respondent.

*Per Curiam.*    The Appellate Division has decided that the will sufficiently shows an intent on the part of the testator that such parts of the Federal and State income taxes as are assessed against his widow, Kate A. Johnson, by reason of her receipt of half of the net income of the

33

trust fund created under paragraph third of the will should be borne and paid out of the " general estate " as provided in paragraph fourth of the will. A majority of the judges of this court have reached the same conclusion.

The Appellate Division has further decided that the words " general estate " as used in that paragraph refer to the balance of the net income arising from the trust fund after payment of one-half of the income to the widow. A majority of the judges of this court have reached the conclusion that even though these words in the context in which they are found may refer to income of the estate rather than to principal, yet they show a clear intent to include all the income of the " general estate " and not merely one-half thereof. The share of the income to be paid to the widow, like the share to be paid to other legatees, is part of the " general estate " and must bear its proportion of the income tax assessed against the widow.

The order of the Appellate Division and decree of surrogate should be modified by providing that the taxes imposed should be borne and paid out of the entire net income of the trust estate and as modified affirmed, with costs to respondent and appellants payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE and LEHMAN, JJ., concur; McLAUGHLIN and ANDREWS, JJ., dissent and vote for affirmance.

Ordered accordingly.