**BLAIR, Commissioner of Internal Revenue, v. BARTON.**

Circuit Court of Appeals, First Circuit.
June 13, 1928.

No. 2197.

1. **Internal revenue** ⊜⟳27(2)—**Income distributed to beneficiaries by trustee, in accordance with requirements for distribution in her discretion, held taxable to beneficiaries; "periodically" (Revenue Acts 1918 and 1921, § 219 (a) (4) and (d); Comp. St. § 6336⅛ii(a) (4) and (d).**

Under will requiring property to be held in trust for beneficiaries, and authorizing trustee to make such payments as seemed best, in her discretion, held in view of relationship of beneficiaries to testator, and evident intention that income should be used for support, maintenance, and education of minor grandchildren, that income distributed for such purpose was distributed "periodically," within meaning of Revenue Acts 1918 and 1921, § 219 (a) (4), Comp. St. § 6336⅛ii(a) (4), and taxable to beneficiaries in accordance with section 219 (d), Comp. St. § 6336⅛ii(d).

2. **Internal revenue** ⊜⟳27(2)—**Fiduciary, having distributed all income in accordance with will held not liable for tax on income as entity (Revenue Acts 1918 and 1921, § 219(c); Comp. St. § 6336⅛ii(c).**

Fiduciary, having exercised discretion and distributed all the income of trust in accordance with terms of will, held relieved from payment of tax on income as an entity, since under Revenue Acts 1918 and 1921, § 219(c), Comp. St. § 6336⅛ii(c), fiduciary is allowed to deduct from gross income received amount of any income properly paid or credited to any legatee, heir, or other beneficiary.

Appeal from Board of Tax Appeals.

Application by David H. Blair, Commissioner of Internal Revenue, for review of a decision by the Board of Tax Appeals, relating to income tax due from Mary L. Barton as trustee. Decision of the Board of Tax Appeals affirmed.

L. W. Scott, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., and C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for petitioner.

Lafayette R. Chamberlin, of Boston, Mass. (Chamberlin, Stone & Bosson, of Boston, Mass., on the brief), for trustee.

James J. Forstall, of Chicago, Ill. (Herbert Pope, of Chicago, Ill., and E. Barrett Prettyman, of Washington, D. C., of counsel), amicus curiæ.

Before BINGHAM and JOHNSON, Circuit Judges, and BREWSTER, District Judge.

JOHNSON, Circuit Judge. This is a petition for a review of the decision of the United States Board of Tax Appeals rendered February 12, 1927.

The trustee, Mary L. Barton, is the holder of certain property devised and bequeathed by the will of Otis Barton, late of Manchester, N. H., for the benefit of his grandchildren, Otis Barton, Francis Lowell Barton, Mary L. Barton, and Ellen Randolph Barton. As such trustee she received notice of income taxes due from her as trustee for the years 1920 to 1923, inclusive, amounting in all to $10,666.99.

In accordance with the provisions of section 274 of the Revenue Act of 1924 (26 USCA § 1048; Comp. St. § 6336⅛zz (1) (a), she seasonably filed an appeal to the Board of Tax Appeals, and upon this appeal the Board made the following findings of fact:

"Otis Barton, the father-in-law of the petitioner, died in 1913, leaving a will which was executed in 1904. The paragraph of the will material to this proceeding, reads:

" 'VIII. I give, bequeath and devise all the rest, residue and remainder of my estate, real, personal and mixed, wherever found and however described, to my said son, Frederick O. Barton, and his heirs.'

"After the execution of this will, Frederick O. Barton died, and Otis Barton executed a codicil in June, 1904, the pertinent part of which is as follows:

" 'VII. I direct that the rest, residue and remainder of my estate, given, bequeathed, and devised to my son, Frederick O. Barton, and his heirs, and which will at my decease become the property of my grandchildren, Otis Barton, Jr., Francis Lowell Barton, Ellen Randolph Barton, and Mary Lowell Barton, be held in trust for them by their mother, Mary L. Barton, until they reach the age of twenty-five years, and I direct said trustee to manage and improve said property, invest and reinvest the same, and pay over to them such part of the net interest and income thereof as in her discretion shall seem best.' * * *

"The petitioner, the widow of Frederick O. Barton and the mother of the beneficiaries, was appointed trustee under the will of Otis Barton on or about April 9, 1913. In 1920 the ages of the grandchildren, beneficiaries under the will, were: Otis, 19; Ellen, 20; Mary, 19; and Francis, 17. The assets placed in trust by the above-quoted paragraphs of the will and codicil were turned over to the petitioner as trustee during the year 1916. * * *

"During the years 1920 to 1923, inclusive, she distributed to the children, or for their support, maintenance, and education, all of the income that accrued during those respective years from the trust property. It was necessary for the petitioner during the years in question to distribute the entire income of the trust for the support, maintenance, and education of the children. The same method of distribution which was followed by the petitioner in 1920 to 1923, inclusive, had been followed by her in the previous years, 1916, 1917, 1918, and 1919.

"During 1922, Ellen, one of the beneficiaries, died, and petitioner, who, as the mother of the deceased beneficiary, was the sole heir, transferred the principal of the trust fund received by her as heir into the trust fund. Thereafter, down to the date of hearing, she continued to distribute the income from the trust fund to the remaining three beneficiaries.

"The petitioner reported the income from the trust fund on form 1041, and the several beneficiaries returned their distributive shares of the income and paid the tax thereon. The respondent determined that the entire income of the trust was taxable to the fiduciary under article 342 of Regulations 45 and 62, issued certificates of overassessment to the beneficiaries, and determined the deficiencies against the petitioner here under consideration."

The determination of the Commissioner of Internal Revenue was made under section 219 of the Revenue Acts of 1918 and

1921, which is identical under the two acts, and so much as is pertinent to the issue raised is as follows:

"Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

"(2) Income accumulated in trust for the benefit of unborn or unascertained person or persons with contingent interests;

"(3) Income held for future distribution under the terms of the will or trust; and

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant·to be held or distributed as the court may direct." Comp. St. § 6336⅛ii (a).

The Commissioner determined that as the income of the trust created under the seventh paragraph·of the will was distributive at the petitioner's discretion, it was taxable to her as trustee under article 342 of Regulations 45 and 62 interpreting the Revenue Acts of 1918 and 1921. So far as pertinent, this is as follows:

"Where under the terms of the will or deed the trustee may in his discretion distribute the income or accumulate it, the income is taxed to the trustee, irrespective of the exercise of his discretion."

Subdivision (c) of section 219 reads, in part, as follows:

"In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary." Comp. St. § 6336⅛ii (c).

Subdivision (d) is, in part, as follows:

"(d) In cases under paragraph (4) of subdivision (a) * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust." Comp. St. § 6336⅛ii (d).

The respondent contends that under this subdivision the beneficiaries were taxable upon their distributive shares. She also contends that the provisions of article 342 of Regulations 45 and 62 are inapplicable to the facts in these proceedings, or, if applicable, that the article is not in accord with the statutory provisions it purports to interpret.

The Board of Tax Appeals held that the income here in question fell within the class of income specified in section 219 (a) (4) of the Revenue Acts of 1918 and 1921, "which was intended to let the tax follow the income, and making it taxable to the respective beneficiaries herein," and that article 342 of Regulations 45 and 62 "cannot serve to modify the statute so as to impose a tax upon the trustees which the statute itself does not impose."

From this decision of the Board of Tax Appeals the Commissioner has taken this appeal.

The Commissioner contends that section 219 (a) (4) refers to income which is required to be distributed under the terms of the will, and that, since the will provided for payments to the beneficiaries in the discretion of the trustee, it was not "income which is to be distributed to the beneficiaries periodically within the meaning of section 219 (a) (4)"; that, under the terms of the will involved in this case, the net income from the estate was subject to disbursement by the trustee entirely at her discretion; that under article 342, Regulations 45 and 62 of the Bureau of Internal Revenue, the trustee is taxable regardless of the exercise of discretion; and that this is a case where the regulation is clearly applicable.

It is also the contention of the Commissioner that all income from trusts is taxable, under section 219 of the Revenue Acts of 1918 and 1921, to the fiduciary, with but one exception, and that exception relates only to the income required to be distributed by the trust instrument, and in this case the trust instrument did not require the income to be distributed.

When the will is considered and interpreted with a view to giving effect to the intention of the testator, it clearly discloses that it was his intention that the income of the trust fund be used for the support, maintenance, and education of his minor grandchildren, all of whom were at the execution

of the codicil of a tender age. Discretion was lodged in the mother, as trustee, to pay such part of the income as she might determine to be necessary. She could not withhold the whole of it for accumulation. The discretion which was lodged in her was to be exercised in a reasonable manner, in view of the plain intention of the testator that her discretion should only be exercised to determine the amount of the distributive share of each beneficiary which should be used. No discretion was lodged in her to determine the persons to whom the income of the trust fund should be paid, nor was she instructed to accumulate the income from it; but it was set aside for definite beneficiaries, and, considering their relationship to the testator and their claim upon his bounty, the mother, as trustee, was to use the income as she has used it, continuing to hold the distributive share of each grandchild until he should arrive at the age of 25 years, when, in the opinion of the testator, it would be safe to turn over to him the principal of his distributive share.

[1] Upon consideration of the will, the relationship of the beneficiaries to the testator, and all the attendant circumstances, it is our opinion that the income from this trust fund was to be distributed "periodically, whether or not at regular intervals," and falls under subdivision (a) (4) of section 219 of the Revenue Acts of 1918 and 1921, in which it is substantially the same.

In Willcuts v. Ordway et al. (C. C. A.) 19 F.(2d) 917, the court held that there had been a distribution to the beneficiary, where his share of the trust had been segregated and set aside for him although held by the trustee. In the present case all the income of the trust fund has been expended for the beneficiaries, and complete distribution made, and the trustee is not taxable therefor; but the beneficiaries were correctly held liable to pay the tax, and they have paid it, thus complying with the requirement of the law that all income, from whatever source received, with certain deductions, should be taxed.

It will be noted that, under subdivision (d) of section 219 of the act of 1918, it is provided that "in cases under paragraph (4) of subdivision (a) * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year." The provision of the 1921 act, while it states that the tax shall not be paid by the fiduciary, changes the language somewhat of the similar provision of the 1918 act, and is as follows: "But there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not."

[2] The Commissioner contends that the amount to be distributed must be determined by the trust instrument, and even if the mother, as fiduciary, has exercised her discretion and distributed all the income of the trust in accordance with the terms of the will, this does not relieve her from the payment of a tax upon the trust as an entity. It will be noted, however, that under subdivision (c) of section 219 of the Acts of 1918 and 1921, where the tax is properly imposed upon the net income of the trust to be paid by the fiduciary, he is allowed to deduct from the gross income received the amount of "any income properly paid or credited to any legatee, heir, or other beneficiary." This applies to paragraphs (1), (2), and (3) of subdivision (a) of the section, and excepts paragraph (4). If, therefore, the fiduciary in this case has distributed all the income, there would be no net income upon which a tax could be assessed.

It is faintly contended by the Commissioner that the provision under subdivision (d), that in cases under paragraph (4) of subdivision (a) "the tax shall not be paid by the fiduciary," is a negative provision, and that the lack of a positive provision for payment expresses the intention of Congress, not to change the general operation of the act, but to exclude from that operation one, and only one, case, and would seem to imply that there was no provision for the payment of the tax by the beneficiaries. This is not true, however, as it is clearly provided that the beneficiary should pay the tax upon the share of the income distributed to him.

Having reached the conclusion that under the will of Otis Barton the beneficiaries were entitled to have so much of the income of the trust expended for their support and education as might be reasonably necessary, to be determined by a reasonable and intelligent exercise of discretion by their mother, it necessarily follows that their distributive shares, whether distributed or not, could not be taxed to the trustee, but were correctly taxed to them.

The decision of the Board of Tax Appeals is affirmed.