## CROCKER et al. v. NICHOLS.

District Court, D. Massachusetts.    July 5, 1928.

### No. 3121.

**Internal revenue ⬢⟹7(35)—Trust income, distributed by trustees in exercise of discretion under deed of trust, held not taxable to trustees; "income held for future distribution under terms of trust" (Revenue Act 1918, § 219 (a) (3); Comp. St. § 6336⅛ii).**

Where deed of trust authorized trustees to give grantor's other children so much of share of minor son during his minority as was not used for his comfort, maintenance, and support, and in their discretion to apply said shares to the maintenance and support of the respective issue of grantor's children by representation, or of any widow of any deceased son without issue, and trustees elected to distribute minor son's share equally among other children, and to pay widow of deceased son a portion of income that would have been payable to such son, had he lived, income so distributed was not taxable against trustees as "income held for future distribution under the terms of the trust," within Revenue Act 1918, § 219 (a) (3), Comp. St. § 6336⅛ii; regulations 45, art. 342, making income taxable to trustee, irrespective of exercise of his discretion, where he may in his discretion distribute or accumulate income, being unauthorized.

At Law. Action by Douglas Crocker and others, trustees, against Malcolm E. Nichols, formerly Collector of Internal Revenue. Judgment for plaintiffs.

Harrison M. Davis, of Boston, Mass., for plaintiffs.

J. M. Leinenkugel, Sp. Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge. This is an action at law to recover income taxes assessed to the plaintiffs upon 1918, 1919 and 1920 income, received by them as trustees under a deed of trust given by Alvah Crocker, dated May 4, 1917. The plaintiffs administer certain real and personal property for the benefit of the settlor's wife and children. The controversy arises over the income distributed pursuant to the provisions of the trust deed, which read as follows:

"3. To pay to my wife, Charlotte Crocker, quarterly, or oftener, at their convenience, or to apply, in their discretion, for her comfort, maintenance, and support, or in part to so pay and in part to so apply, either to or for her (on her written order or otherwise), a one-sixth part of the entire net income of the property, for and during the term of her natural life."

"6. To pay the remaining net income quarterly, or oftener, at their convenience, in substantially equal shares to and among my children, Alvah Crocker, Jr., of Fitchburg, Helen C. Soper, wife of Willard B. Soper, of Saranac Lake, New York, Charlotte C. Kelly, wife of Shaun Kelly, now commorant of Paris, France, Douglas Crocker, and John Crocker, both of Fitchburg; or, in the discretion of the trustees, to apply said shares in whole or part for the comfort, maintenance and support of said children respectively, or of their respective issue by representation, or of any widow of any son, deceased, without issue, except that until the arrival of my son John at the age of twenty-one, his share, or so much thereof as may not be used by the trustees for his comfort, maintenance and support, may be given by the trustees to the others as additions to their shares."

At the time of the execution of the deed, the beneficiaries of the trust were the settlor's wife and five children. John was a minor during all the years in question. In 1918 Alvah Crocker, Jr., died, leaving a widow and minor children. The trustees elected to distribute John's share during his minority equally among the other four children, and after Alvah's death they paid to his widow, for the support of herself and her minor children, a portion of the income that would have been Alvah's had he lived.

The plaintiffs duly returned, as fiduciaries, so much of Alvah's share of income as was undistributed. They also filed returns showing the distribution of the income as it was actually made among the beneficiaries.

The government, claiming that the trustees should have returned as income taxable to the trust all of John's share and all of Alvah's except $10,500 paid to him during his lifetime, assessed additional taxes against the trustees with respect to income from the trust, as follows: $11,036.55 for the year 1918; $13,295.94 for the year 1919; $5,209.87 for the year 1920.

These amounts the plaintiffs paid under protest, and, their application for refund having been rejected, they now sue to recover the aggregate sum of $29,542.36, with interest from dates of payment.

The applicable statute governing the taxation of income derived from property held in trust is section 219 of the Revenue Act of 1918 (Comp. St. § 6336⅛ii). The provisions of this section, so far as pertaining to this inquiry, are:

"Section 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

"(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

"(3) Income held for future distribution under the terms of the will or trust; and

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.
* * *

"(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary.
* * *

"(d) In cases under paragraph (4) of subdivision (a) * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year.
* * * "

The government takes the position that the income upon which the additional assessments were based was income which fell within paragraph (3) of subdivision (a) of section 219, as income held for future distribution under the terms of the trust, and therefore the income was taxable to the trustees. This contention is wholly consistent with Regulations 45, art. 342, which reads:

"Where trustee may in his discretion distribute income or accumulate it, the income is taxed to the trustee, irrespective of the exercise of his discretion."

But this regulation has been repudiated as unauthorized by the act both by the Board of Tax Appeals in the appeal of Grace Scripps Clark, 1 B. T. A. 491; of Mary L.

Barton, 5 B. T. A. 1008; of Elizabeth S. Sprague, 8 B. T. A. 173; and of A. W. Henn, 8 B. T. A. 190; and by the Circuit Court of Appeals for this Circuit in Blair, Commissioner, v. Barton, Trustee (decision of June 13, 1928), affirming the decision of the Board of Tax Appeals in the Mary L. Barton, Case, supra.

In Blair, Commissioner, v. Barton, supra, under the terms of the will, the trustee was directed to pay such part of the income as she might determine to be necessary for the support, maintenance, and education of minor children. She distributed all of the income, and it was held that the tax should be paid by the beneficiaries, and not by the trustee. Many of the arguments advanced by the government in the case at bar were urged in that case, and they failed to win the approval of the court. It is impossible on principle to distinguish the two cases. Blair, Commissioner, v. Barton must be regarded as decisive of the instant case.

It follows that the plaintiffs are entitled to recover according to their declaration.