**JOBES v. CROOKS, Collector of Internal Revenue.**

District Court, W. D. Missouri, W. D.
January 23, 1929.

No. 7076.

Perry W. Shrader and H. L. Donnelly, both of Kansas City, Mo., for plaintiff.

Harry L. Thomas, Asst. U. S. Atty., of Kansas City, Mo. (Roscoe C. Patterson, U. S. Atty., of Kansas City, Mo., and Elden McFarland, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief), for defendant.

OTIS, District Judge. This is a suit to recover taxes alleged to have been unlawfully collected from the plaintiff. The facts are these:

On December 31, 1917, C. S. Jobes executed a declaration of trust, thereby creating the C. S. Jobes Trust Estate, to which at that time and at various times thereafter he conveyed certain properties for the benefit of his wife and children. It is provided in the declaration of trust that the trustee of the estate, "and his successor or successors in trust, shall hold the said property and the income and profits arising therefrom, and any and all additions that shall be hereafter made thereto, in trust for the sole and exclusive benefit of the said beneficiaries and their bodily heirs, in the manner and on the terms to be hereinafter set forth." It was further provided that "the purpose of the creation of this trust is the conservation of the property comprised in the trust estate, and the increase of the corpus thereof, up to and until the dissolution of the trust and the distribution of the estate among the beneficiaries, as hereinafter provided; but in the meantime the trustee or trustees for the time being may, in his or their discretion, and at such intervals as he or they may think proper and convenient, pay out and distribute to and among the beneficiaries, in accordance with their respective relative interests as aforesaid, all or such part as the trustee or trustees may deem advisable, of the net income accruing to the trust estate in any year;

the judgment and discretion of the trustee or trustees for the time being in this respect to be final and conclusive, and any and all net income so as aforesaid accruing to the trust estate and not so distributed to and among the beneficiaries shall be added to and become part of the trust estate." And it was further provided, by an amendment to the declaration of trust, that "a majority of the beneficiaries shall have the right to demand payment to them of the net income as often as once each calendar year and when so demanded the trustee shall pay to all beneficiaries including those who do not join in making demand the net earnings of the estate to date of such demand."

In the year 1919 the income of the trust estate was $15,360. No demand was made by a majority of the beneficiaries for the distribution of any part of this income, and it was added to the estate in accordance with the provisions of the declaration of trust, and thereafter became a part of the corpus of the estate, and as such was invested by the trustee in income-producing property. In the year 1920 the income of the estate was $11,-800. No demand was made by a majority of the beneficiaries that this income should be distributed, and it was added to the corpus of the estate, and was invested in the same way as was the income for the preceding year, excepting that $800 of the income for 1920 was distributed, presumably by the trustee, acting under his authority as set out in the declaration of trust.

The taxes involved in this case were assessed against the trust estate and were paid under protest. The reason for the protest was that the individual beneficiaries already had returned in connection with their individual incomes the amounts earned by the trust estate during the years 1919 and 1920, although those amounts had not been received by them, nor, except as to $800, distributed by the estate.

The applicable statute, Revenue Act 1918, § 219(a)(3)(4), 40 Stat. 1071, provides that the income tax law shall apply to the income of estates or of any kind of property held in trust, including "income held for future distribution under the terms of the * * * trust," and "income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals. * * *" It is provided further that, as to income held for future distribution under the terms of a trust, the tax thereon shall be paid by the trust estate, but that as to income which is to be distributed to the beneficiaries periodically the tax is to be paid, not by the trust estate, but by the beneficiaries.

There is no ambiguity in the declaration of trust involved here. The trustee, in his discretion, might have distributed the income, but he did not do so, for the years 1919 and 1920, with the exception above noted. A majority of the beneficiaries might have demanded a distribution of the income, and it would then have been the duty of the trustee to distribute it; but they did not demand its distribution for the years 1919 and 1920. The income for those years was not distributed, but was added to the corpus of the estate, as was required by the terms of that declaration of trust. The beneficiaries of the trust were not obligated to pay any tax whatsoever upon this undistributed income. Whether, having paid such tax, they can now recover it from the government, is not within the scope of this case.

By the terms of the declaration of trust the income of the estate was held for future distribution, and was, therefore, by the express terms of the statute, taxable against the estate. The situation is not changed by reason of the presence in the declaration of trust of a provision which was not applied, which, if it had been applied, would have resulted in a periodical distribution of the income, and by the terms of the statute would have made that income taxable, not against the estate, but against the beneficiaries thereof. An alternative provision as to the distribution of income, which was not enforced, is as if it did not exist, so far as concerns the years in which it was not enforced, and in which, in accordance with other provisions of the declaration of trust, the income was added to the corpus of the estate.

Plaintiff is entitled to judgment for so much of the tax for the year 1920 as was based on the $800 of the income for that year which actually was distributed to the beneficiaries, but the plaintiff is entitled to judgment only for such an amount, with interest. A form of judgment may be prepared accordingly. The costs are assessed against the defendant.