## ST. LOUIS UNION TRUST CO. v. UNITED STATES.
### No. M-51.

Court of Claims.
June 5, 1933.

Robert Ash, of Washington,. D. C., for plaintiff.

Lisle A. Smith and W. W. Scott, both of Washington, D. C. (Lester L. Gibson, of Washington, D. C., on the brief), for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff insists that the trust required that all the income therefrom be equally divided among the ten grandchildren who were beneficiaries; that the trust required the trustee to keep the income separate from the corpus, and either to pay or to set aside such income for the benefit of the beneficiaries in equal shares; that the trustee accomplish this prior to the beginning of distributions to the beneficiaries by keeping one income account; that the records were so kept that it was always possible during the years 1926 and 1927 immediately to determine the interest of each grandchild in the income for the year, and that this was a substantial compliance with the statute and carried out the intention of the trust.

In our opinion, the trustee correctly returned the income from the trust and paid the tax thereon. Its books show that no money was paid or credited to any of the beneficiaries under the trust, either in 1926 or in 1927, and they further show that the income from the trust was carried in one account for the trust, and that it was never transferred to or carried in the separate accounts of the beneficiaries. None of the beneficiaries accounted for or paid tax upon the income of this trust for 1926 and 1927. No distributions were made to the beneficiaries by the trustee until November, 1930.

A trustee is a taxable person under the statute. Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305. Under the statutes applicable to this case the income of a trust is taxable to the trustee except where the entire net income is, under the terms of the trust, to be distributed currently to the beneficiaries and except where the trustee has discretion to distribute the entire income, and actually distributes it, to the beneficiaries, in which case the beneficiaries, and not the trustee, are taxable.

Section 219 (b) of the Revenue Act of 1926 (26 USCA § 960 note) provides in substance that, where the income is to be distributed currently and regularly, the fiduciary shall be allowed a deduction in computing the net income of the trust, but the amount of such income shall be included in computing the net income of each beneficiary, whether distributed to them or not. Where therefore, the entire net income of the trust is actually distributed to the beneficiary under the terms of the trust or where it is held for the purpose of being currently and regularly distributed to the beneficiaries, the beneficiaries alone are liable for the tax, but where, as in this case, the income from a trust has not been distributed or paid by the trustee to the beneficiaries, and is not held by the trustee to be currently and regularly distributed to the beneficiaries, the trustee is liable under the statute for the tax upon the income of the trust.

The provision of the statute that the beneficiaries shall be liable for the tax where the trustee has discretion to distribute the entire income to them, and actually does so, does not, we think, apply to this case. The trustee did not distribute the income or any portion of it to the beneficiaries, and neither did it hold the income received from the trust for the purpose of currently and regularly distributing it to the beneficiaries. Moreover, the trustee had no discretion to. distribute the income, but was required to carry out the terms of the trust. In these circumstances, we think the trustee was properly taxed under the statute on the income received from

the trust. Jobes v. Crooks (D. C.) 33 F.(2d) 1016; Willcuts v. Ordway et al. (C. C. A.) 19 F.(2d) 917; Blair v. Barton (C. C. A.) 26 F.(2d) 765; and Crocker et al. v. Nichols (D. C.) 27 F.(2d) 598.

In Henn, Trustee, 8 B. T. A. 190, the trust provided for distribution of so much of the income accrued to minor beneficiaries as was necessary or advisable in the judgment of the trustee for their maintenance, care, and education, and for the accumulation of the balance. The United States Board of Tax Appeals held that the income distributed was not taxable to the fiduciary, but that the balance held for accumulation and further distribution was taxable to the trustee.

Plaintiff is not entitled to recover, and the petition must therefore be dismissed. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.