SARAH A. BERGAN AND MARGARET L. GOGGIN, ADMINISTRATRICES OF THE GOODS, CHATTELS, AND CREDITS OF KATE A. JOHNSON, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55457, 68169.    Promulgated November 7, 1934.

*O. V. W. Hawkins, Esq.,* for the petitioners.
*S. B. Anderson, Esq.,* for the respondent.

### OPINION.

SMITH: These two appeals, consolidated for hearing, involve income tax liabilities for the years 1928 and 1929 in the respective amounts of $8,592.57 and $4,800.45.

The issue for 1928 is whether the petitioners' decedent's distributive share of income from the estate of Charles E. Johnson should be increased by $34,370.25 representing payment of Federal income tax by the trustees on behalf of the decedent. The issue for 1929 is whether petitioners' decedent's distributive share of income from the estate of Charles E. Johnson should be increased by $18,945.11 representing payment of Federal income tax in the amount of $16,001.15 and New York State income tax in the amount of $2,943.96 by the trustees on behalf of the decedent.

The facts were stipulated.

Charles E. Johnson died testate, a resident of New York State on September 4, 1924. His will was duly admitted to probate in the New York County Surrogate's Court. He placed his residuary estate in trust for the life of his widow, with the remainder over to his children.

The will provided in part as follows:

I direct my Executors and Trustees hereunder to pay to my beloved wife, Kate A. Johnson, fifty per cent (50%) or one-half (½) of the said net income arising from my estate so long as she shall live, and direct that the same shall be paid to her in quarter yearly payments to commence immediately after my decease and that the same shall be made free from any and all tax or charge whatsoever which if any shall be borne and paid from and out of my general estate.

The balance of the income was directed to be paid to his two children in equal shares.

Kate A. Johnson died intestate on December 6, 1932.

The trustees kept their books of account on the calendar year basis pursuant to the provisions of decedent's will as interpreted by the Court of Appeals in *Matter of Pflomm*, 241 N. Y. 513, and in accordance with the decree of the New York Surrogate's Court entered on the order of the Court of Appeals annually paid out of the income of the trust, before the determination of the distributable income, the Federal and New York State income taxes assessed against Kate A. Johnson on her distributable share of the income of the trust.

Pursuant to the directions in the will, as construed by the Court of Appeals, the trustees paid $39,816.72 out of the income of the trust during 1928, of which amount $34,370.25 represented Federal income taxes assessed against Kate A. Johnson for the years 1925, 1926, and 1927, and $5,446.47 represented New York State income tax paid for her in 1928.

In her individual income tax return for 1928, Kate A. Johnson did not include in her gross income any part of the $39,816.72 paid on her behalf by the trustees. In the determination of the deficiency for 1928, the respondent has added to the gross income of Kate A. Johnson $34,370.25 representing the Federal income tax paid for her by the trustees, but has failed to add to such gross income the amount of $5,446.47 representing the state income tax which the trustees also paid for her.

Of the $34,370.25 item in question, $9,313.61 represents an amount paid to Kate A. Johnson to reimburse her for an additional income tax assessed against her by the United States for 1925 and paid by her in 1928. This amount was illegally collected and was refunded to Kate A. Johnson with interest in 1929. She in turn reimbursed the trust for the $9,313.61 paid to her in 1928.

During the year 1929 the trustees paid out of the entire net income of the trust $18,945.11, of which amount $16,001.15 represented Federal income tax and $2,943.96 represented New York State income tax, all assessed against Kate A. Johnson.

In the notice of deficiency for 1929 the respondent increased decedent's net income by the amount of $20,001.90. It is stipulated, however, that the additional income at issue for 1929 should be $18,945.11 instead of $20,001.90. Of the $20,001.90, $1,056.79 represented a refund by the trust to Kate A. Johnson of an overpayment made by her to the trust in 1929.

The principal question in issue in these proceedings is whether Kate A. Johnson, the petitioner's decedent, is liable to income tax in respect of Federal and New York State income taxes paid for her by the trust of which she was one of the beneficiaries.

Section 22 (a) of the Revenue Act of 1928 defines " gross income " as including " gains, profits, and income * * * derived from any source whatever."

Sections 161 and 162 of the Revenue Act of 1928 provide in material part as follows:

SEC. 161. IMPOSITION OF TAX.

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\*          \*          \*          \*          \*          \*          \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \*

\*          \*          \*          \*          \*          \*          · \*

(b) *Computation and payment.*—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, \* \* \*

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*          \*          \*          \*          \*          \*          \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \* but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. \* \* \*

The argument of the petitioners is that the beneficiaries of a trust are taxable only upon their portions of the distributable income; that Kate A. Johnson received one half of the distributable income of the trust in question and accounted for it in her income tax returns for 1928 and 1929; that under the decree of the Court of Appeals of the State of New York in *Matter of Pflomm, supra,* the distributable income of the trust is to be determined after the deduction from the gross income of taxes paid on behalf of Kate A. Johnson; and that, inasmuch as under the decree of the court such payments were treated as any other expense payments of the trust, the decedent did not " receive " the payments of the taxes in question and accordingly is not liable to income tax in respect of them.

No contention is made in these proceedings that the taxes paid by the trustees for Kate A. Johnson were not her personal obligations. The taxes were computed on her income and were assessed against her.

The fiduciary returns filed for the trust for 1928 and 1929 show no taxable net income. All of the net income reported is shown as being distributable to the beneficiaries. The respondent in his brief states definitely that no taxes were assessed against or paid by the trust in respect of any income received by it for either 1928 or 1929. This fact is not stipulated, but the returns filed show that no tax liability of the trust was reported.

The respondent argues that, if Kate A. Johnson is not liable for income tax in respect of the amounts paid by the trustees for her benefit, then such portion of the income as is paid out for that purpose escapes income tax.

In *Helvering* v. *Butterworth*, 290 U. S. 365, it was held, referring to the Revenue Acts of 1924 and 1926: " The evident general purpose of the statute was to tax in some way the whole income of all the trust estates." The observation is equally applicable to the Revenue Act of 1928.

In *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716, the Supreme Court had before it a question certified by the United States Circuit Court of Appeals for the First Circuit—" Did the payment by the employer of the income taxes assessable against the employee constitute additional income to such employee? " The Court answered the question in the affirmative. In the course of its opinion the Court stated:

\* \* \* The payment of the tax by the employers was in consideration of the services rendered by the employee, and was again derived by the employee from his labor. The form of the payment is expressly declared to make no difference. Section 213, Revenue Act of 1918, c. 18, 40 Stat. 1065. It is therefore immaterial that the taxes were directly paid over to the government. The discharge by a third person of an obligation to him is equivalent to receipt by the person taxed. \* \* \*

To the same effect see *United States* v. *Boston & Maine R. R.*, 279 U. S. 732, and *Charles B. Levey*, 68 Fed. (2d) 401, affirming 26 B. T. A. 889.

In the proceedings at bar we do not have precisely the same situation as was present in those cases, but it is plain that the principle invoked by the courts in those cases is equally applicable here. We therefore hold that the petitioner's decedent should have included in gross income the amounts paid by the trustees in settlement of her tax liabilities.

It will be noted that the amount of income taxes paid by the trustees for the benefit of Kate A. Johnson in 1928 was $39,816.72. In the determination of the deficiency for that year the respondent has increased the gross income of petitioner's decedent by only $34,370.25, which represents the Federal income taxes paid by the trustees. On brief the respondent contends that he made an error by not including in the gross income the $5,446.47, representing the state income taxes paid by the trustees, since the beneficiary claimed and was allowed the deduction of the $5,446.47 as a tax paid. At the hearing of these proceedings, however, the respondent did not move to increase the deficiency determined for 1928 and therefore there can be no increase in the deficiency for that year. Sec. 272 (e), Revenue Act of 1928.

Of the $34,370.25 added by the respondent to Kate A. Johnson's gross income for 1928, there is an item of $9,313.61 representing a deficiency in her income tax for 1925 paid in 1928 for which she was reimbursed by the trustees. In 1929 the tax was refunded to Kate A. Johnson, whereupon she reimbursed the trustees for the $9,313.61 payment in question. Apparently this amount was reflected in the distributable income of the trust for 1929 for which the beneficiary accounted for one half in her income tax return for that year. If this assumption is correct, one half of the $9,313.61, or $4,656.81, was erroneously reported by Kate A. Johnson as her share of the distributable income of 1929. Correction of this error, if made, should be reflected in the redetermination of the deficiency.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

Morris, Murdock, McMahon, Goodrich, and Leech concur in the result.