## COMMISSIONER OF INTERNAL REVENUE v. PLANT.
### No. 247.

Circuit Court of Appeals, Second Circuit.
March 4, 1935.

er it constituted income that was properly taxable to the son.

It is to be observed at the outset that the son was not entitled to receive the income expended in maintaining the Eastern Point estate and its furniture, furnishings, greenhouses, and equipment in good condition. Anything expended in maintaining the property may have been as much for the benefit of the capital of the trust, should the son abandon his right to occupy the place and the trustees then sell it, as for his own benefit and enjoyment. The expenditures were compulsory so far as either the trustees or himself were concerned, whether he actually occupied the place for only a day or did not go there at all. The expenditures may well have not been such as he desired, but much greater, and cannot be regarded as made in performance of any legal obligation of the settlor to him.

Section 219 (a) of the Revenue Act of 1924 (26 USCA § 960 note) provides that the tax imposed shall apply to the income of property held in trust. Section 219 (b) (2), 26 USCA § 960 note, provides that in computing the net income of a trust fiduciaries may deduct in their returns "the amount of the income * * * which is to be distributed currently * * * to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

The question for our consideration is whether the income used in maintaining the estate at Eastern Point was "distributable" income within the meaning of section 219 (b) (2), supra. In spite of the fact that the taxpayer received some benefit from the expenditures at Eastern Point which he might have avoided by abandoning his right to occupy the premises, we do not regard the income thus expended as "distributed" to him as that word is used in the Revenue Act. It is true that "'Distribution,' as there used, does not necessarily mean passing into the uncontrolled possession and disposition of the beneficiary," but it at least "means separation and segregation from the trust estate so that it no longer forms any part * * * thereof." Willcuts v. Ordway, 19 F.(2d) 917, 918 (C. C. A. 8). Here the expenditures were not applied to the use of the taxpayer, but employed in maintaining a cap-

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for petitioner.

George L. Shearer, of New York City, and John A. Kratz, of Washington, D. C., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

In this case a settlor of trusts for the benefit of his wife, son, and adopted son provided that the trustees should maintain a certain estate at Eastern Point, Conn., for the use of his son, Henry Bradley Plant, as long as the latter cared to occupy it, and should charge the income expended in such maintenance against the three trusts proportionately. The question is not whether the income thus expended was taxable at all, for the trustees treated it as taxable to themselves and so returned it, but is wheth-

ital asset of the trust estate. As the Connecticut Supreme Court said in Hayward v. Hayward, 95 Conn. 122, at page 134, 111 A. 53, 56, when construing this very will:

"The position that the trustees occupy is analogous to that of a landlord under the obligation of maintaining the existing condition of leased property, and that of the son Henry to that of a tenant exempt from the payment of rent, but entitled to have the property conditions preserved by his landlord. The expenses incident to occupancy are to be borne by the latter [son]; those involved in maintenance by the former [trustees]."

The Connecticut Court further said, at pages 135 and 137 of 95 Conn., 111 A. 53, 57:

"The burden of the cost of maintenance is · * * * cast upon the income of the trust fund or funds, and forms a charge upon that income, taking precedence of all claims of beneficiaries of income to the extent that its priority exists. * * *

"The testator's net estate, subject to the charge of property maintenance * * * was to pass in beneficial enjoyment to his wife, son, and adopted son in fixed proportions."

It is apparent from the foregoing that the case is like one of a trust under which the trustee is directed to keep a house in repair and allow a beneficiary to live in it rent free. The advantage derived by a beneficiary under such a trust is not taxable as part of his income. Hillman v. Commissioner (C. C. A.) 71 F.(2d) 688; Margaret B. Sparrow, 18 B. T. A. 1, 16, 17.

The decision in Burnet v. Wells, 289 U. S. 670, 53 S. Ct. 761, 77 L. Ed. 1439, is relied on by the Commissioner. Under it the income expended in keeping up the Eastern Point estate is said to be taxable because it represented a benefit to the taxpayer. In that case premiums paid by the trustees of a trust upon insurance on the life of the settlor taken out for the benefit of dependents were held subject to income taxes as property of the grantor. But the income there was derived from property which had been placed in trust by the settlor, and section 219 (h) of the Revenue Acts of 1924 and 1926 (26 USCA § 960 note) expressly subjected such insurance premiums to taxation. The question there was not whether the statute covered the expenditures, but whether it was constitutional. Justice Cardozo, writing for the majority of the court, said that such a provision by a settlor for his dependents was a disposition of income (derived from property which had once been his) in performance of a social obligation, and that the income under such circumstances was to be regarded as devoted to his use. To sustain the constitutionality of an act specifically taxing income derived from trusts established to pay life insurance premiums on policies payable to the settlor's dependents is quite different from holding that income expended to keep up premises in which a beneficiary may live is income "distributed" to the latter. In Burnet v. Wells, the income used to satisfy a moral obligation toward dependents was held taxable against the settlor under the precise terms of the statute. Here the income sought to be attributed to Henry Bradley Plant was in no sense derived from his property, and the use of it in maintaining the Eastern Point property was as beneficial to the trust estate as to him. We think that Burnet v. Wells, 289 U. S. 670, 53 S. Ct. 761, 77 L. Ed. 1439, does not govern the case at bar.

The recent decision of the Court of Appeals of the Eighth Circuit in Willcuts v. Douglas, 73 F.(2d) 130, is also relied on by the Commissioner. There a trust was set up by a husband containing a provision for his wife in lieu of alimony as required by a decree of divorce. The income, though payable to her, was held taxable against the settlor. But in that case the income was derived from property originally belonging to the settlor, and was devoted to the discharge of the latter's legal obligations. The transaction resembled an assignment by a husband to his wife of his future salary or of his interest in future profits of his firm. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731; Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665. The cases where income devoted to the support and education of a minor is taxed against his guardian [Blair v. Barton (C. C. A.) 26 F.(2d) 765] or where additional compensation paid to an employee in stock or in living quarters is treated as a part of his income are readily distinguishable from the present case where the benefit to the taxpayer, if it existed at all, was somewhat indirect and illusory.

We think that any advantage the taxpayer may have received cannot be regarded as income distributable to him. Its ex-

tent is doubtful, and the application of the income beyond the amount necessary to preserve the corpus was as much for the benefit of the capital of the trust as for that of Henry Bradley Plant, who had to suffer expenditures that may have been quite unwelcome to him or else lose the right to occupy the premises at all. In John D. Rogers, Trustee, 16 B. T. A. 368, the Board of Tax Appeals held income employed in similar expenditures taxable against the trustee rather than the beneficiary. We think that ruling was right, and was properly followed by the Board in the present proceeding.

As we have pointed out in discussing Burnet v. Wells, 289 U. S. 670, 53 S. Ct. 761, 77 L. Ed. 1439, the question here is not of the power of Congress, but whether such benefits as the taxpayer received from the maintenance of the estate at Eastern Point ought to be regarded as income distributable to him. In our opinion they were not income thus distributable within the meaning of the statute.

Order affirmed.