## BERGAN et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 103.

Circuit Court of Appeals, Second Circuit.
Dec. 9, 1935.

Duer, Strong & Whitehead, of New York City (Orwill V. W. Hawkins, of New York City, of counsel), for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

Charles E. Johnson died September 4, 1924, leaving a widow and two children. His widow died December 6, 1932. Mr. Johnson, by his will, created a trust of his entire estate consisting of parcels of real estate. The trust continued during the life of his widow and the provisions thereof for her benefit read: "I direct my executors and trustees hereunder to pay to my beloved wife, Kate A. Johnson, fifty per cent, or one-half of the said net income arising from my estate so long as she shall live, and direct that the same shall be paid to her in quarterly yearly payments, to commence immediately after my decease, and that the same shall be made free of any and all tax or charge whatsoever, which, if any, shall be borne and paid from and out of my general estate." The balance of his income was willed to his two children.

The executors of Mr. Johnson's estate obtained a construction of the will to determine their liability for taxes, and the highest court of New York held that the trustees were obliged to pay Mrs. Johnson's income tax on all income by them to be distributed to her under the terms of the trust and that such taxes should be paid by the trustees out of the entire net income of the estate. In re Pflomm, 241 N.Y. 513, 150 N.E. 534. During 1928, the trustees paid for the years 1926 and 1927 federal income tax of $25,056.64, and for the same years state income tax amounting to $5,446.47, all lawfully assessed on account of the income Mrs. Johnson received. In February, 1929, the sum of $9,313.61, which had also been paid in 1928 on account of an unlawful assessment of 1925 federal income tax against Mrs. Johnson for moneys received from the estate, was remitted to her as unlawfully assessed and collected and by her returned to the trustees. Mrs. Johnson thereafter filed her return for the year 1928 showing the distributable share of income payable to her by the trustees and the income which she had from sources other than the estate, but did not include the $25,056.64 nor the $5,446.47 which the trustees had paid for her federal and state income taxes on her distributable share, nor did she include the sum of $9,313.61 paid by the trustees for the taxes unlawfully assessed against her. On February 6, 1931, the Commissioner, having audited this return, added $25,056.64 and $9,313.61 to Mrs. Johnson's income for the year 1928 and subsequently assessed thereon an additional tax of $8,592.57. Although the $9,313.61 unlawfully collected had been refunded by the Commissioner on February 15, 1929, in this deficiency notice of February 6, 1931, the Commissioner had added this amount to Mrs. Johnson's 1928 income, claiming that this was one of the items of taxes which the trustees had paid for her on income she received from the estate and the tax thereon formed a part of the additional assessment of $8,592.57 for 1928. During 1929, the trustees paid, for 1928 state and federal income taxes and an additional assessment for 1927 federal income taxes, the sum of $18,945.11, all of which was assessed against Mrs. Johnson on account of income she received from the trust. She filed her return for 1929 and did not include therein any part of this sum which the trustees paid for her. Subsequently her return was audited and the Commissioner on September 2, 1932, added the sum of $20,001.90 to her income for the year 1929 and assessed thereon the additional tax of $4,800.45 as a result. As a result of

a stipulation correcting the error, the Board reduced this to $4,546.83.

The first issue is whether the tax payments so made by the trustees constitute income taxable to the beneficiary. Sections 161 and 162 of the 1928 Revenue Act, c. 852, 45 Stat. 791, 26 U.S.C.A. §§ 161, 162 and note, govern the tax liability for trust incomes and determine whether the income is taxable to the trustee or to the beneficiary. Section 162 (b) provides: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

The petitioner argues that the tax payments made were not income currently distributable to the beneficiary. It was held in Old Colony Trust Co. v. Com'r of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, and in United States v. Boston & Maine Railroad, 279 U.S. 732, 49 S.Ct. 505, 73 L.Ed. 929, that income was realized by the taxpayer in the amount that his tax liability was discharged by others. The discharge of an obligation of a taxpayer was considered the equivalent of the receipt of that amount from the person paying the obligation. United States v. Mahoning Coal R. Co., 51 F.(2d) 208 (C.C.A.6), and Levey v. Helvering, 62 App.D.C. 354, 68 F.(2d) 401, also express the doctrine that payment by a third party of a tax obligation constitutes income realized by the party benefited by the payment. If it constitutes realized income in those cases, it is currently distributable income within the meaning of section 162 (b). The Commissioner was correct in assessing as income the payments made to discharge the taxes lawfully due on the beneficiary's income from the trust.

The petitioner relies upon Commissioner of Internal Revenue v. Plant, 76 F.(2d) 8 (C.C.A.2). There the settlor of a trust directed the trustees to maintain his home as long as his son wished to occupy it as a residence and to charge the expense of such maintenance against the income of the trust created for the benefit of his wife and son. The amount expended for maintenance of the residence was treated by the trustees as income taxable to themselves and they so returned it. The Commissioner contended unsuccessfully that it was properly taxable to the son who had the right to occupy the residence. The court based its decision that the expenditures were not distributed to the son, on the ground that the payments were made as much to maintain an asset of the trust corpus, as to benefit the son, the amount of payments to be made being not within his control, nor proportioned to the benefit he received. The case is obviously inapplicable to the instant facts.

It is argued that the taxes of the taxpayer were not distributable currently; that when the end of the year was reached no income tax had been paid on the current income and it was not until two and a half months thereafter that any taxes were payable and then there was the privilege of paying quarterly installments throughout the year. This argument ignores the finding by the Board of Tax Appeals that the payments made in 1928 were "out of the income of the trust during 1928." It is immaterial whether the amount of taxes paid in a particular year represented the taxes on the income of the trust distributed during that year.

The $9,313.61 paid by the trustees in 1928 and taxed to the petitioner was incorrectly assessed originally by the Commissioner. This amount was refunded to Mrs. Johnson and repaid to the trustees. The return for 1928 was filed by the petitioner after this repayment and correctly excluded this as income in 1928. The trust deed had been construed by the New York courts to require that the tax paid for the benefit of the petitioner here should be deducted before determining her half share. Thus the petitioner was benefited by half the amount of the refund, since the net income was increased by the refund and she was entitled to half the net income so increased. The Board of Tax Appeals assumed that this amount was reflected in the distributable income for 1929 and that the beneficiary had erroneously accounted for one-half that amount in her return for that year and that this half should be deducted. This was correct as far as it went, but it is an incomplete disposition of the matter. In Inland Products Co. v. Blair, 31 F.(2d)

867 (C.C.A.4), a similar question arose where a tax had been erroneously paid and refunded in a later year. The taxpayer sought to take advantage of the later lower rate and argued that the payments should be regarded as a deductible item and the refund as income in the respective years in which they occurred. But the court held that the mistake should be treated as if it never happened and disallowed the payment made as a deduction. Leach v. Commissioner of Internal Revenue, 50 F.(2d) 371 (C.C.A.1), also disallowed as a deduction a payment mistakenly made and refunded in a subsequent year. The payment of $9,313.61 mistakenly collected should be treated similarly and disallowed as a deduction from the 1928 income of the trust, before distribution to the petitioner. Since this increases her distributable share in 1928 by one-half of $9,313.61, the deficiency for 1928 should be based on $29,713.45 and the deficiency for 1929 should be based on a sum less by $4,556.81 than the figure adopted by the Board.

The decree is reversed and remanded.