# UNITED STATES *v.* BOSTON & MAINE RAILROAD.

No. 129.   Argued January 10, 11, 1929.   Reargued April 15, 1929.—
Decided June 3, 1929.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Attorney General Mitchell, Assistant Attorney General Willebrandt,* and *Messrs. Sewall Key, J. Louis Monarch,* and *Morton P. Fisher,* Special Assistants to the Attorney General, and *Mr. William E. Davis,* Special Attorney, Bureau of Internal Revenue, were on the briefs, for the United States.

*Mr. James S. Y. Ivins,* with whom *Messrs. Thornton Alexander, Kingman Brewster, E. S. Kochersperger, O. R. Folsom-Jones,* and *Joseph D. Brady* were on the brief, for Boston & Maine Railroad.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

As indicated in *Old Colony Trust Co.* v. *Commissioner of Internal Revenue,* just decided, *ante,* p. 716, this case

comes here by certificate from the Circuit Court of Appeals for the First Circuit and on the following statement:

"This action is brought by the Boston & Maine Railroad to recover income taxes for the year 1917, claimed to have been erroneously collected. In the District Court [for the District of Massachusetts] the plaintiff recovered a judgment for the full amount of its demand—$3,920.55 and interest.

"June 30, 1900, the Fitchburg Railroad Company leased all its railroad and property of every description to the Boston & Maine Railroad for the term of ninety-nine years. In the lease the lessee covenanted to pay specified rentals, to maintain and replace the leased properties in manner indicated, to pay all operating expenses, and to pay 'all taxes of every description, Federal, State, and municipal, upon the lessor's property, business, indebtedness, income, franchises, or capital stock, or said rental,' and to pay divers other charges. In 1918 an income-tax return, under the provisions of the revenue acts of 1916 and 1917, was filed on behalf of the Fitchburg Railroad Company for the calendar year 1917, upon which taxes amounting to $61,422.06 were assessed. These taxes were paid to the Commissioner of Internal Revenue by the Boston & Maine Railroad pursuant to the term of the lease. The Fitchburg Railroad Company was consolidated with the Boston & Maine Railroad in 1919.

"In 1921 the Commissioner of Internal Revenue assessed an additional income tax against the Fitchburg Railroad Company of $3,920.55. In doing this he treated the payment of $61,422.06 made by the Boston & Maine Railroad to the collector of internal revenue as additional taxable income to the Fitchburg Railroad Company to the extent of $65,342.61. This additional tax of $3,920.55 was paid to the collector of internal revenue by the Boston & Maine Railroad in July, 1921.

"The claim for refund of this additional tax was duly filed with the Commissioner of Internal Revenue, but was never formally acted upon, and more than six months having elapsed after it was filed, this action was brought for the recovery of the tax so paid [under par. 20, § 24 of the Judicial Code, as amended by § 1310(c), c. 136, 42 Stat. 310]."

The judgment of the District Court was appealed to the Circuit Court of Appeals for the First Circuit, and upon the facts recited, and under § 239 of the Judicial Code, as amended by the Act of February 13, 1925, c. 229, 43 Stat. 936, 938, the Court of Appeals has asked the instruction of the Supreme Court upon the following question:

"Did the payment by the lessee of the net income taxes assessable against the lessor constitute additional taxable income to such lessor?"

The merits of this case must be disposed of in accord with the rule already laid down in the *Old Colony* case, just decided, *ante*, p. 716. Like that, it is one in which the lessee has paid to the Government the taxes due under the law from the lessor. The payment is made in accord with the contract of lease, and is merely a short cut whereby that which the lessee specifically agreed to pay as part of the rental effects that payment by discharging the obligation of the lessor to pay the tax to the Government.

Our conclusion is in accordance with the practice of the Department. Treasury Decision 2620 (19 Treas. Dec. 411). In answer to a question suggested by this Court, the Commissioner states in the appendix to the Government's brief on reargument in No. 130, that it has been the uniform practice to treat taxes paid, where by agreement between the parties the tax laid upon the income actually received by one of them has been paid by the other, as income of the taxpayer whose liability has thus been discharged. He refers to the decision of the Circuit Court

of Appeals for the First Circuit in the case of *West End Railway Co.* v. *Malley*, 246 Fed. 625, where the dividends paid by a lessee corporation directly to the stockholders of the lessor corporation were held to be income to the lessor under the Revenue Act of October 3, 1913. It was carried into Regulation 33, promulgated January 2, 1918, as Article 102, reading as follows:.

"ART. 102. Leased properties.—When a corporation shall have leased its property in consideration that the lessee shall pay in lieu of rental an amount equivalent to a certain rate of dividends on its capital stock or the interest on its outstanding indebtedness, together with taxes, insurance, or other fixed charges, such payments shall be considered rental payments and shall be returned by the lessor corporation as income, notwithstanding the fact that the dividends and interest are paid by the lessee direct to the stockholders and bondholders of the lessor. The lessee, in making these payments direct to the bondholders and the stockholders, does so as the agent of the lessor, and the latter is none the less liable to return the amounts thus paid as income and to pay any tax that may be due thereon."

Article 102 of Regulations 33 has been substantially embodied in all subsequent regulations as Article 546, of Regulations 45, Article 547 of Regulations 62, 65 and 69, and Article 70 of Regulations 74, promulgated under the Revenue Acts of 1918, 1921, 1924, 1926 and 1928, respectively.

Article 109 of Regulations 45, promulgated January 28, 1921, reads as follows:

" Taxes paid by a tenant to or for a landlord for business property are additional rent and constitute a deductible item to the tenant and taxable income to the landlord, the amount of the tax being deductible by the latter."

This provision is also found in Article 109 of Regulations 62, Article 110 of Regulations 65 and 69, and Article 130 of Regulations 74.

In addition to the foregoing general provisions, a specific ruling on this question was published in May, 1920, as A. R. M., 16, C. B. 2, page 62. The facts in that case are stated by the Commissioner as follows:

"A contract was entered into in July, 1917, between the P Company and the M Company, whereby the latter agreed to sell certain goods on a cost-plus basis. It was provided that the P Company should pay Federal taxes assessed on the profits accrued from this contract to the M Company. Performance under the contract was made by the M Company during 1918. In October, 1918, the P Company closed its books upon an accrual basis and made no provision for any taxes arising out of the contract. It was there held that the amount of taxes of the M Company paid by the P Company was income to the M Company for the year for which such payment was made. This ruling was followed not only in the case in which rendered, but also as a precedent in all other similar cases."

The Commissioner says that no single instance has been found where the Bureau has departed from this general practice of construing taxes paid under the present circumstances to be income to the taxpayer whose tax liability has been discharged in such a manner.

The Commissioner says that it was the purpose of the instructions to establish a consistent policy, and that if they have not been followed in individual cases, it is due to an unauthorized departure from the Bureau's instructions. More than this, it should be added that neither before nor since 1923 has any algebraic formula been used by the Bureau in computing taxes.

Not only, therefore, is the conclusion that the question must be answered "Yes" sustained by the practice of the Department under all of the Revenue Acts, but the cases cited in the *Old Colony* case require the same view.