## WALLIN COAL CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3585.

Circuit Court of Appeals, Fourth Circuit.

June 11, 1934.

H. M. Collins, of Frankfort, Ky., for petitioner.

Lucius A. Buck, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and PAUL, District Judge.

SOPER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals determining deficiencies of $4,950.85, $765.40, and $640.49 in the income taxes of petitioner for the respective years 1927, 1928, and 1929, under section 213 (a) of the Revenue Act of 1926, 44 Stat. 9, 23, 26 USCA § 954 (a), and section 22 (a) of the Revenue Act of 1928, 45 Stat. 791, 797, 26 USCA § 2022 (a). The case was presented to the Board upon a stipulation of facts, and its decision affirmed prior determinations by the Commissioner.

Petitioner is a Virginia corporation which, in 1915 and the years immediately following, acquired title to 8,489 acres of coal land in Harlan county, Ky. In the years 1915 and 1917, petitioner leased parts of this tract, by three several leases, to one Duffield, and he in turn assigned the leases to three corporations which operated the properties. The leases, after providing for certain rentals and royalties to be paid to the lessor, each contained a provision requiring the lessee to pay all taxes, county, state, and federal, assessed against the property, and to "promptly pay and satisfy all excise and other taxes which shall at any time during the term of this lease be imposed by authority of law * * * upon any rents, royalties or other monies becoming due and payable to the lessor hereunder; the intent hereof being that the lessor shall at all times receive the full amount of all such rents, royalties and other monies without deductions or abatement whatsoever." By a further provision, the lessor was given a right of reimbursement in case any such taxes should be paid by it.

In the years 1917 to 1926, petitioner received large royalties under the leases and paid federal income taxes and capital stock taxes aggregating $36,672.91. This amount was not refunded by the lessees until 1927, when it was paid to petitioner in full. For the year 1927 petitioner paid $5,865.92, and for the year 1928, $5,822.64, in federal income taxes, and these amounts were refunded to it in the respective years 1928 and 1929. Petitioner keeps its books on a cash receipts and disbursements basis, and the Commissioner determined each of the sums so refunded to be additional income for the year in which it was received.

The question in this case does not require extended discussion. It was decided in United States v. Boston & Maine R. Co., 279 U. S. 732, 49 S. Ct. 505, 73 L. Ed. 929, that payment of the income taxes of a lessor made by a lessee in accordance with the requirements of its lease to discharge the income tax liability of the lessor, constitutes additional taxable income of the lessor though only constructively received; and in Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918, it was held

that the payment by an employer of income taxes assessed against the compensation of an employee, made in consideration of his services, constitutes additional taxable income of the employee. The latter case also held that the transaction does not amount to a tax upon a tax, at least where, as in the pending case, the Treasury makes no attempt to collect further taxes upon the theory that the payment of the income tax by the promissor creates further income in the hands of the promisee. These decisions effectually dispose of the petitioner's main contentions in this case.

Some reliance is placed upon section 221 (b) of the Revenue Act of 1926, 44 Stat. 35, 26 USCA § 962 (b), which provides for payment of taxes at the source by the obligor in certain cases involving "bonds, mortgages, or deeds of trust, or other similar obligations of a corporation." We think that the section mentioned clearly has no application to provisions in leases requiring the lessee to pay income taxes of the lessor. The section has relation to the common forms of corporate securities issued with tax-free covenants, and a lease executed by a corporation as lessee is not an "obligation of a corporation" within its intendment.

Affirmed.