*374 OPINION.
Arundell :
It is petitioner’s view that he could not have constructively received the dividend declared on December 9, 1930, prior to the time that he could have legally demanded its payment which was on January 10, 1931. He reasons that it takes more than a book credit by a debtor corporation to the creditor’s account on its books to make him the recipient of taxable income. Respondent, on the other hand, argues that the declaration of the dividend on December 9, 1930, served to create the relationship of debtor and creditor between the corporation and the petitioner, and that, when the money so owing was used to pay an obligation of petitioner, it was the same as if the money had been in fact paid directly to petitioner, citing Old Colony Trust Co. v. Commissioner, 279 U. S. 716; United States v. Boston & Maine Railroad Co., 279 U. S. 732.
We think on the facts here present the respondent is right. We start with the fact that petitioner was indebted to the Herbert Hosiery Mills, Inc., in the sum of $51,165.23. Whether this sum represented cash advances to the petitioner does not appear. Petitioner owned substantially all of the stock of the Herbert Hosiery Mills, and, in the absence of a showing to the contrary, it may be assumed he completely dominated and controlled its operations. Thus when on December 31,1930, the corporation credited to petitioner’s account on its books the amount of the dividend declared on December 9, 1930, in the sum of $32,830 and the corporation’s books showed that the personal indebtedness of the petitioner to the corporation was thereby reduced to $18,335.23, it is only fair to assume that this action was taken, not only with the acquiescence of petitioner, but under his direction. At least there is not one iota of evidence offered in this case to the contrary, and it does not appear that *375 petitioner ever objected to the corporation’s action in using the dividends to reduce his personal indebtedness. That the corporation thought that it had paid petitioner the dividend in 1930 appears from the fact that it so reported to the Bureau of Internal Revenue. It is evident that the sum of $65,660 listed on the information return represents the two dividends, the one in question here, and the one paid in January 1930.
While it is entirely true that one on a cash basis is not to be taxed on a dividend until its receipt, either actual or constructive, and in the ordinary case a dividend is not to be regarded as income to a stockholder before its due date, there is nothing inconsistent with this view in taxing one on the receipt of income, if in fact it is received, before its due date, which is the effect of what occurred here. The dividend was never received in possession, and no check was ever sent covering it, and the only action ever taken by the Herbert Hosiery Mills in the way of payment was by crediting petitioner’s account on its books on December 31, 1930. This constituted payment and respondent’s action is accordingly approved.

Decision will be entered for the respondent.