ROBERT BARBOUR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81059. Promulgated March 7, 1939.

*Prew Savoy, Esq., John F. Evans, Esq.,* and *Winthrop Travell, Esq.,* for the petitioner.

*Gerald W. Brooks, Esq.,* and *Irving M. Tullar, Esq.,* for the respondent.

# 560

OPINION.

DISNEY: It is not disputed by petitioner that the amount of $10,000 was received in each of the years in issue, 1932 and 1933, by petitioner's former wife as the result of the aforesaid separation agreement—adopted and ratified by the Nevada court in its divorce decree—as well as the Hamilton Trust Co. trust heretofore described. The petitioner contends that the amounts should not be included in his gross income for purposes of Federal income tax in the years in issue, for the reason that the separation agreement of April 8, 1925, was purely a property settlement and not an agreement to pay alimony, and, since the Nevada court adopted the provisions of the separation agreement, its decree did not grant alimony, but merely provided for a division of property between them, alimony not being mentioned or involved and, therefore, the income received by the wife or beneficiary of the agreement and trust should not be included in the petitioner's income. Briefly, and as stated by petitioner, the payments made to petitioner's former wife "are not in satisfaction of the legal obligation to pay alimony, or of any other obligation such as to require that the amounts so paid be included in petitioner's gross income for 1932 and 1933."

In considering and discussing the above issues, counsel for petitioner presents and presses numerous arguments, all of which we have carefully considered, though only such as in our opinion are important and material in determining the issues are herein discussed.

In the instant case the petitioner's attitude and arguments are the same or similar to those presented by the petitioner in the case of *Reginald Brooks*, 31 B. T. A. 70, the decision in which was reversed, the court saying, in part, in 82 Fed. (2d) 173:

The Board's decision was rendered prior to the Supreme Court's opinion in *Douglas* v. *Willcuts*, 296 U. S. 1, 56 S. Ct. 59, 60, 80 L. Ed. —, which the

commissioner contends is conclusive in his favor. The taxpayer argues that there is a distinction between an agreement to pay alimony and an agreement for the settlement of property rights between husband and wife. The asserted distinction is without substance on the present issue. Whether the trust income is used to discharge the husband's duty, made specific by agreement, to support the wife, or to discharge an obligation to pay her agreed sums for a release of rights in his property, cannot be material in determining the taxability of the husband. The creation of a trust the income of which is to be used to discharge any legal obligation of the settlor enables him to enjoy the benefit of the income; hence the income is properly taxable to him. Compare *Helvering* v. *Blumenthal*, 296 U. S. 552, 56 S. Ct. 305, 80 L. Ed. 390; *Helvering* v. *Schweitzer*, 296 U. S. 551, 56 S. Ct. 304, 80 L. Ed. 389; *Helvering* v. *Stokes*, 296 U. S. 551, 56 S. Ct. 308, 80 L. Ed. 389; *Helvering* v. *Cowey*, 297 U. S. 694, 56 S. Ct. 498, 80 L. Ed. 986, all of which have been recently decided on the authority of *Douglas* v. *Willcuts*. Indeed, in the *Douglas* Case itself the trust provisions for the wife were in settlement not only of alimony but also "of any and all dower rights or statutory interests in the estate" of the husband, and the court pointed out (296 U. S. 1, at page 8, 56 S. Ct. 59, 62, 80 L. Ed. ——) that this did not affect the essential quality of the payments.

In *John Ernest Goldring*, 36 B. T. A. 779, 785, the petitioner therein also argued that a distinction must be made between agreements for settlement of property rights and agreements contemplating divorce for the purpose of discharging a husband's family obligations. In its decision therein, the Board said, in part:

\* \* \* If any such distinction can be drawn from the decided cases it can not be made here. \* \* \* Moreover, the language of the agreements here definitely establishes that they were entered into for the specific purpose of providing for the support of the petitioner's wife and children. \* \* \*

In the instant case, the separation agreement recites that it is the desire of the husband, the petitioner, "to make provision for the maintenance and support" of his wife "so long as she shall live."

The separation agreement and the trust instrument executed pursuant thereto both recognize the purpose and duty of petitioner to maintain and support his wife during the term of her natural life. The agreement provided that the obligation of the petitioner to make financial provision for his wife as indicated therein should "survive and be unaffected by any judgment or decree by which marital ties of the parties" might "at any time be severed," and the trust was to likewise so continue "whether or not any judgment or decree be entered or made dissolving or annulling the marital status" of the parties.

It is evident, therefore, that the amounts paid in accordance with the terms of the separation agreement and the trust and received by petitioner's former wife during the years 1932 and 1933 were intended to and did satisfy and discharge an obligation of petitioner. In *Robert Glendinning et al., Executors*, 36 B. T. A. 486, we held, in substance, that income from a trust paid to a divorced and re-

married wife is taxable to the husband who created the trust, under the terms of the trust agreement, even though, in the absence of such agreement, his obligation to support and maintain his wife would have been terminated, under the law of Pennsylvania, by her divorce and remarriage. In brief of petitioner it is insisted that our decision therein is clearly wrong, but we are convinced of the correctness of our determination and the same has been affirmed by the Circuit Court of Appeals of the Third Circuit, 97 Fed. (2d) 51.

It is also insisted in behalf of the petitioner in the instant case that for the same reasons assigned in the *Glendinning* case, *supra*, the decision of the Circuit Court of Appeals of the Third Circuit in the case of *Alsop* v. *Commissioner*, 92 Fed. (2d) 148, is likewise wrong. We, however, are not convinced of any error therein and quote briefly, as pertinent and appropriate, from the court's decision affirming the determination of the Board, as follows: "It may seem hard that the petitioner must pay taxes on the income which supports another man's wife, but it is a condition for which he is responsible and which he created as a substitute for his obligation to support her." The United States Supreme Court denied application therein for certiorari, 302 U. S. 767.

The petitioner further contends that since the agreement of separation entered into by the petitioner and his former wife on April 8, 1925, was an agreement to facilitate a divorce, the divorce decree was collusive and, therefore, invalid. Consequently, the petitioner argues, the payments received by the petitioner's former wife under the trusts created to carry out the separation agreement and the decree are not in satisfaction of a legal obligation. Such an argument is clearly and concisely answered by the Circuit Court of Appeals for the Second Circuit in its decision in the case of *Commissioner* v. *Hyde*, 82 Fed. (2d) 174, reversing 31 B. T. A. 256. In that case Hyde and his wife entered into an agreement on October 29, 1918, reciting that they were living apart and contemplated divorce. A trust instrument was signed by both parties and the wife released all claims for alimony, dower, support, and maintenance. In these respects the facts are similar to those in the instant case. The court held that the payments by the trusts were income to Hyde, and, in answer to the argument that the agreement was invalid since it was one for promoting divorce, said:

Obviously the argument is highly technical. The husband has had the full benefit of the agreement, whether valid or not. But for his promise to create the trust, the wife would undoubtedly have asked for and obtained in her decree of divorce terms providing for alimony for herself and support for their child. Both parties have performed the agreement and equity would leave them where it finds them, even if the agreement were illegal. See *Schley* v. *Andrews*, 225 N. Y. 110, 113, 121 N. E. 812. The trust indenture itself contains a relinquishment by the wife of all claims for support and dower and an agreement by her

to execute such further instruments as may be necessary to effectuate such relinquishment. Under such circumstances to hold that the trust was established as a voluntary gift and that the trust income has not been used to satisfy the husband's obligation of support would be to close one's eyes to the realities. In substance the situation is no different than in *Helvering, Commissioner*, v. *Brooks*.

Petitioner also contends that the divorce decree was invalid, and in effect that the duty of support of wife continued until her remarriage, but that thereafter there was no such duty and therefore from that date the trust income was not taxable to him; and that, in the absence of a valid decree of divorce adopting the agreement between the parties, such agreement would be effective only until the remarriage of the wife, because dependent upon the duty of support. In *Helvering* v. *Brooks*, 82 Fed. (2d) 173, the court denied validity to an attempted distinction between an agreement to pay alimony and an agreement for property settlement. Therefore, we consider the agreement for property settlement sufficient, even in the absence of a valid decree of divorce, to serve as the basis for the trust agreement between husband and wife; and in *Robert Glendinning et al., Executors, supra*, we held that a predivorce agreement, not dissimilar to the agreement here involved, created an obligation subjecting the husband to payment of income tax upon the income of the trust, though the wife had remarried after divorce. In *Cap Andrew Tilles*, 38 B. T. A. 545 (548–549), we considered the effect of a trust agreement before divorce, followed by divorce and remarriage of the wife, beneficiary under the trust, and held that there was such continuing obligation on the part of the husband to support his former wife as to subject him to income tax upon the trust property. The agreement herein involved was made under circumstances, and in terms, plainly indicating intent to provide for the wife for life, in spite of the fact that discontinuance of marital duties on her part and the possibility of marriage by her to another were obviously taken into consideration. The agreement under such circumstances having been made in consideration of her release of any and all claims on her part against her husband or his estate, including, of course, right to continued support, which she might, or might not, otherwise have surrendered, we conclude that any invalidity of divorce and the fact of remarriage do not suffice to relieve the husband from obligation to pay income tax upon the trust income.

In our opinion and we so hold, the amounts so paid were in satisfaction and discharge of a legal obligation of petitioner and are, therefore, taxable to him.

In addition to authorities already quoted or cited in support of our determination, see also the following: *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *United States* v. *Boston & Maine Rail-*

*road Co.*, 279 U. S. 732; *Douglas* v. *Willcuts*, 296 U. S. 1; *Albert C. Whitaker*, 33 B. T. A. 865; *Frank G. Hogan*, 35 B. T. A. 26; *Thorne Donnelley*, 37 B. T. A. 90, and *Stephen J. Leonard*, 36 B. T. A. 563, wherein we pointed out that:

The Supreme Court held a settlor of a trust taxable with the trust income where it was used to pay his debts in *Helvering* v. *Blumenthal*, 296 U. S. 552, in reversing the Second Circuit (76 Fed. (2d) 507), and where it was used to discharge his obligation to maintain and support his minor children in *Helvering* v. *Schweitzer*, 296 U. S. 551, in reversing the Seventh Circuit (75 Fed. (2d) 702), and in *Helvering* v. *Stokes*, 296 U. S. 551, in reversing the Third Circuit (79 Fed. (2d) 256), and where the beneficiary of a trust irrevocably assigned a part of the trust income to his wife who subsequently obtained a divorce in which the decree made no provision for alimony in *Helvering* v. *Coxey*, 297 U. S. 694, in reversing the Third Circuit (79 Fed. (2d) 661).

Cf. *Harry S. Blumenthal*, 34 B. T. A. 994; affd., 91 Fed. (2d) 1009.

With respect to the deduction claimed by petitioner on account of his Hamilton Trust Co. common stock becoming worthless in 1933—which deduction was disallowed by the respondent—the latter in his brief presents no argument to support his disallowance, but simply submits that issue to the Board on the basis of the evidence presented.

There is no occasion for any lengthy discussion of this issue, which involves 150 shares of the common stock of the Hamilton Trust Co. of Paterson, New Jersey. It is stipulated that 100 shares of the stock cost petitioner $21,650 and by the stipulation the respondent concedes the cost of the 50 additional shares to the extent of $7,500, the petitioner reserving the right to introduce evidence to show that the cost of the latter stock was in excess of $7,500. Evidence introduced by petitioner at the hearing, in our opinion, shows, and we so find, that the 50 shares cost petitioner $15,000, making the entire cost of the 150 aforesaid shares $36,650.

In March and April 1933, after the bank holiday, the assets of the Hamilton Trust Co. were insufficient by approximately $500,000 to pay depositors. The depositors released to the bank 30 percent of their deposits, or $1,725,000, but instead thereof received preferred stock redeemable at $1,725,000, leaving the common stock in the same relative position as before. The record shows comparatively few transfers of the common stock after June 21, 1933, and those were at prices from 2½ cents to 10 cents per share. Under such conditions it is evident that the common stock of the Hamilton Trust Co. became worthless in 1933. We so hold. We therefore hold that the petitioner is entitled to the claimed deduction of $36,650, the cost of his aforesaid 150 shares of common stock of the Hamilton Trust Co., as well as for the stipulated loss deduction of $1,512, sustained the same year, on his common stock of the Harriman National Bank & Trust Co. of New York City.

*Decision will be entered under Rule 50.*