EDWARD H. CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94259. Promulgated July 27, 1939.

*J. Marvin Haynes, Esq.*, and *Chester J. McGuire, Esq.*, for the petitioner.

*Charles E. Lowery, Esq.*, for the respondent.

#### OPINION.

LEECH: This is a proceeding to redetermine a deficiency in income tax for the calendar year 1934 in the amount of $10,618.87. The question presented is whether petitioner derived income by the payment

to him of an amount of $19,941.10, by his tax counsel, to compensate him for a loss suffered on account of erroneous advice given him by the latter. The facts were stipulated and are so found. The stipulation, so far as material, follows:

\* \* \* \* \* \* \*

3. The petitioner during the calendar year 1932, and for a considerable period prior thereto, was married and living with his wife. He was required by the Revenue Act of 1932 to file a Federal Income Tax Return of his income for the year 1932. For such year petitioner and his wife could have filed a joint return or separate returns.

4. Prior to the time that the 1932 Federal Income Tax return or returns of petitioner and/or his wife were due to be filed, petitioner retained experienced tax counsel to prepare the necessary return or returns for him and/or his wife. Such tax counsel prepared a joint return for petitioner and his wife and advised petitioner to file it instead of two separate returns. In due course it was filed with the Collector of Internal Revenue for the First District of California. \* \* \*

5. Thereafter on or about the third day of February, 1934, a duly appointed revenue agent of the United States audited the aforesaid 1932 return and recommended an additional assessment against petitioner in the sum of $34,590.27, which was subsequently reduced to $32,820.14. This last mentioned sum was thereafter assessed against and was paid by petitioner to the Collector of Internal Revenue for the First District of California.

6. The deficiency of $32,820.14 arose from an error on the part of tax counsel who prepared petitioner's 1932 return. The error was that he improperly deducted from income the total amount of losses sustained on the sale of capital assets held for a period of more than two years instead of applying the statutory limitation required by Section 101 (b) of the Revenue Act of 1932.

7. The error referred to in paragraph six above was called to the attention of the tax counsel who prepared the joint return of petitioner and his wife for the year 1932. Recomputations were then made which disclosed that if petitioner and his wife had filed separate returns for the year 1932 their combined tax liability would have been $19,941.10 less than that which was finally assessed against and paid by petitioner.

8. Thereafter, tax counsel admitted that if he had not erred in computing the tax liability shown on the joint return filed by the petitioner, he would have advised petitioner to file separate returns for himself and his wife, and accordingly tax counsel tendered to petitioner the sum of $19,941.10, which was the difference between what petitioner and his wife would have paid on their 1932 returns if separate returns had been filed and the amount which petitioner was actually required to pay on the joint return as filed. Petitioner accepted the $19,941.10.

9. In his final determination of petitioner's 1934 tax liability, the respondent included the aforesaid $19,941.10 in income.

10. Petitioner's books of account are kept on the cash receipts and disbursements basis and his tax returns are made on such basis under the community property laws of the State of California.

\* \* \* \* \* \* \*

The theory on which the respondent included the above sum of $19,941.10 in petitioner's gross income for 1934, is that this amount constituted taxes paid for petitioner by a third party and that, consequently, petitioner was in receipt of income to that extent. The

cases of *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *United States* v. *Boston & Maine Railroad*, 279 U. S. 732, are cited as authority for his position. Petitioner, on the contrary, contends that this payment constituted compensation for damages or loss caused by the error of tax counsel, and that he therefore realized no income from its receipt in 1934.

We agree with petitioner. The cases cited by the respondent are not applicable here. Petitioner's taxes were not paid for him by any person—as rental, compensation for services rendered, or otherwise. He paid his own taxes.

When the joint return was filed, petitioner became obligated to and did pay the taxes computed on that basis. *John D. Biggers*, 39 B. T. A. 480. In paying that obligation, he sustained a loss which was caused by the negligence of his tax counsel. The $19,941.10 was paid to petitioner, not *qua* taxes (cf. *T. G. Nicholson*, 38 B. T. A. 190), but as compensation to petitioner for his loss. The measure of that loss, and the compensation therefor, was the sum of money which petitioner became legally obligated to and did pay because of that negligence. The fact that such obligation was for taxes is of no moment here.

It has been held that payments in settlement of an action for breach of promise to marry are not income. *Lyde McDonald*, 9 B. T. A. 1340. Compromise payments in settlement of an action for damages against a bank on account of conduct impairing the taxpayer's good will by injuring its reputation are also not taxable. *Farmers & Merchants Bank of Catlettsburg, Ky.* v. *Commissioner*, 59 Fed. (2d) 912. The same result follows in the case of payments in settlement for injuries caused by libel and slander. *C. A. Hawkins*, 6 B. T. A. 1023. Damages for personal injury are likewise not income. *Theodate Pope Riddle*, 27 B. T. A. 1339.

The theory of those cases is that recoupment on account of such losses is not income since it is not "derived from capital, from labor or from both combined." See *Merchants Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509; *United States* v. *Safety Car Heating & Lighting Co.*, 297 U. S. 88. And the fact that the payment of the compensation for such loss was voluntary, as here, does not change its exempt status. *Rice, Barton & Fales Inc.* v. *Commissioner*, 41 Fed. (2d) 339. It was, in fact, compensation for a loss which impaired petitioner's capital.

Moreover, so long as petitioner neither could nor did take a deduction in a prior year of this loss in such a way as to offset income for the prior year, the amount received by him in the taxable year, by way of recompense, is not then includable in his gross income. *Central Loan & Investment Co.*, 39 B. T. A. 981.

*Decision will be entered for the petitioner.*