EASTERN GAS AND FUEL ASSOCIATES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100763. Promulgated August 12, 1941.

*John E. McClure, Esq.*, for the petitioner.
*Davis Haskin, Esq.*, for the respondent.

OPINION.

BLACK: The petitioner contends that the sums of $101,926.52, $99,801.13, and $95,926.38 paid by it to a trustee and paid by the trustee to the Commonwealth of Massachusetts in the respective years 1934, 1935, and 1936 are deductible as ordinary and necessary expenses or as taxes paid under section 23 of the Revenue Acts of

1934 or 1936. The applicable paragraphs of section 23 are printed in the margin.[1] It contends in the alternative that if the respondent is correct in adding to income for the year 1934 the sum of $101,-926.52, this sum should be added in determining the adjusted declared value of its capital 'stock for excess profits tax purposes for the year 1935.

In his statement attached to the deficiency notice the respondent explains his action in disallowing the deductions claimed by petitioner as follows:

The amount of $101,926.52, $99,801.13 and $95,926.38, claimed as deductions in your returns (Forms 1120) for the calendar years 1934, 1935 and 1936 respectively, representing income taxes imposed by the Commonwealth of Massachusetts upon the shareholders of your association, based upon the dividends received by the shareholders, which are paid by the association without reimbursement from the shareholders, do not constitute allowable deductions from gross income under Section 23 (d) of the Revenue Acts of 1934 and 1936, because the said taxes are based upon the income derived by the said shareholders from their interest as shareholders and are not taxes upon the interest upon which the dividends were paid.

In his brief the respondent argues that the claimed deductions are not allowable either as ordinary and necessary expenses under section 23 (a) or as taxes paid or accrued within the taxable year under section 23 (c), or as taxes of shareholders paid by the corporation under section 23 (d), and contends that the amounts in question represent dividends paid by the corporation in addition to the regular preferred stock dividends and are not deductible from gross income in the respective taxable years. We agree with the respondent.

The payments here in question were amounts paid on behalf of certain shareholders, residents of Massachusetts, in order to induce them to exchange their shares in the Massachusetts Gas Companies for the shares of petitioner. In order to effect the exchange petitioner agreed to pay, in addition to the fixed dividend, an amount equal to the state tax imposed on the dividend in the hands of the shareholder. Payments of this nature are obviously not ordinary and necessary expenses of carrying on a trade or business within the meaning of section 23 (a). They are, in a practical sense, we think, an amount added to the fixed dividend and should be so regarded.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.

\*     \*     \*     \*     \*     \*     \*.

(c) TAXES GENERALLY.—Taxes paid or accrued within the taxable year * * *.

(d) TAXES OF SHAREHOLDER PAID BY CORPORATION.—The deduction for taxes allowed by subsection (c) shall be allowed to a corporation in the case of taxes imposed upon a shareholder of the corporation upon his interest as shareholder which are paid by the corporation without reimbursement from the shareholder, but in such cases no deduction shall be allowed the shareholder for the amount of such taxes.

Petitioner contends that the payments in question are not dividends because they were not made pro rata to all shareholders and the petition was obligated to pay them whether it had sufficient earnings to pay them or not. While distributions by a corporation to its shareholders in proportion to their shares is the usual and customary thing and is evidence that such distributions are dividends, a distribution may be a dividend whether made in proportion to stockholdings or not.

All of petitioner's prior preference shares contained the same provisions and all shareholders who came within the class of residents of Massachusetts were entitled to reimbursement or its equivalent for state income taxes on the dividends received by them. This we think was a sufficient classification and only operated to make the net dividend of all shareholders equal. Petitioner does not contend that the payments here were not made from earnings or profits.

The statute defines dividends as any distribution made out of earnings or profits accumulated since February 28, 1913, or earnings or profits of the taxable year (sec. 115, Revenue Acts of 1934 and 1936). As we have already stated, there is no contention by the petitioner that the payments involved here were not made out of earnings or profits. We must, therefore, consider them as having been made out of earnings or profits and we think it is immaterial whether the shareholder could have required payment if there had been no earnings or profits.

The petitioner argues that in acquiring the stock of the Massachusetts Gas Companies it transferred two things; One, its stock; the other its obligation to pay the 6 percent state income tax imposed on the dividends of its Massachusetts stockholders; that the agreement to pay the tax imposed on the dividends was an obligation separate and distinct from the relationship of corporation and stockholder and represented an annual charge which the petitioner had to incur and pay out, and the amount so paid is therefore deductible as an ordinary and necessary expense of doing business. We think this contention must be denied.

In *Atlantic Coast Line Railroad Co.*, 31 B. T. A. 730; affd., 81 Fed. (2d) 309, the taxpayer corporation in 1926 acquired all the common capital stock of the A. B. & C. Railroad Co. for $3,600,000, and guaranteed payment of dividends on its preferred stock. The preferred stock had exclusive voting power in case of default in payment of dividends. During the taxable years which were before us the taxpayer had paid to the preferred stockholders, under its guaranty agreement, amounts equal to the dividends. On these facts we held that the payments so made were not deductible as ordinary and necessary business expenses. Cf. *Imperial Type Metal Co.* v. *Commissioner*, 106 Fed. (2d) 302.

We shall next discuss petitioner's contention that such payments are deductible as taxes paid. The general rule is that a taxpayer can not deduct payments made for taxes on behalf of another unless they come within section 23 (d) of the statute. In order to be entitled to a deduction for taxes paid under section 23 (c) of the statute it is necessary for a taxpayer to show, not only that he paid the taxes claimed, but that the taxes were imposed upon him by the taxing authority. See *Eugene W. Small*, 27 B. T. A. 1219, and cases there cited. The taxes in question were not imposed upon petitioner by the laws of the Commonwealth of Massachusetts and it was under no obligation to the state to pay them. Had it failed to pay them the stockholders upon whom they were imposed would have been liable for their payment. It is true that the stockholders might have proceeded against petitioner for reimbursement under the terms of their stock agreement. But petitioner's obligation was imposed by the agreement under which it issued its stock in exchange for the stock of the Massachusetts Gas Companies. It was obligated to its stockholders and not to the state. Obviously the payments in question are not deductible under section 23 (c) as taxes paid. Cf. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *United States* v. *Boston & Maine Railroad Co.*, 279 U. S. 732.

In the case of taxes of a shareholder paid by a corporation, section 23 (d) furnishes an exception to the general rule that taxes are deductible only by taxpayer upon whom they are imposed, but this exception only extends to cases where a corporation pays taxes imposed upon a shareholder of the corporation upon his *interest* in the corporation as a shareholder without reimbursement from the shareholder.

The laws of Massachusetts imposed an income tax on a shareholder of certain associations or trusts on dividends received by him. This was not a tax on any *interest* of the shareholder in the association or trust, but upon moneys which had been separated from the association or trust and paid over to the shareholders. It was not a tax upon his shares or on any property of the association or trust represented by the shares, but a tax on the income from his investment in such shares, and in our opinion does not come within the purview of section 23 (d). Cf. *Wayne County & Home Savings Bank*, 26 B. T. A. 761; *Bank of Mount Hope*, 25 B. T. A. 542.

We now come to consider petitioner's alternative contention that if the amount of $101,926.52 is not deductible from income for the year 1934, the adjusted declared value of its capital stock should be increased by that amount for excess profits tax purposes for 1935.

Section 701 (f) of the Revenue Act of 1934 expressly provides that, in determining the adjusted declared value of capital stock for capital stock and excess profits tax purposes for any subsequent year,

the original declared value shall be increased by (among other things) the amount of net income and decreased by the amount of earnings distributed in such subsequent year.

In its capital stock tax return for the fiscal year ended June 30, 1935, petitioner added, among other things, to its original declared value net income in the amount of $92,858.40. The respondent determined that petitioner's net income should be increased in the amount of $101,926.52, and has treated this amount as earnings distributed during the year. We agree with the respondent that a recomputation of the adjusted declared value of petitioner's capital stock for the year in question would require an addition of net income in the amount of $101,926.52 and a subtraction of earnings distributed in the same amount. This would result in no change in the adjusted declared value of $30,167.58 as shown on petitioner's capital stock tax return for the year ended June 30, 1935, which amount was used by the respondent in computing petitioner's excess profits tax for the year 1935. The action of the respondent is sustained.

*Decision will be entered for the respondent.*