Joliet & Chicago Railroad Company v. Commissioner.
Joliet & Chicago R.R. Co. v. Commissioner
Docket No. 112792.
United States Tax Court
1944 Tax Ct. Memo LEXIS 369; 3 T.C.M. (CCH) 146; T.C.M. (RIA) 44043; February 17, 1944
*369 Petitioner received additional income in 1939 by reason of the payment of its income taxes by the lessees of its properties. Held, under the provisions of section 13 (c), Internal Revenue Code, the amount of such additional income is to be computed by applying a tentative tax of 19 per cent to the petitioner's original income and deducting therefrom 2 1/2 per cent of the dividends paid credit. Arthur D. Welton, Jr., Esq., 38 S. Dearborn St., Chicago, Ill., for the petitioner. John D. Kiley, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax for the year 1939 against the Joliet & Chicago Railroad Company, petitioner herein, in the sum of $498.75. The issue is whether, under section 13 (c) of the Internal Revenue Code, petitioner is entitled to deduct 2 1/2 per cent of the dividends paid credit in computing the amount of its additional income, received in the form of income taxes paid for it by its lessee. The case was submitted on the pleadings. Findings of Fact The petitioner is an Illinois corporation, with its principal office at 340 West Harrison Street, Chicago, Illinois. Its Federal income *370 tax return for the year 1939 was filed with the collector of internal revenue at Baltimore, Maryland. On January 1, 1864 the petitioner and The Chicago and Alton Railroad Company, an Illinois corporation, entered into a written agreement, by the terms of which the petitioner leased in perpetulty to the said Chicago and Alton Railroad Company, its successors and assigns, all of its railways and properties which it then owned or which it might thereafter acquire, consisting of a line about 37 miles long between the cities of Joliet and Chicago, both in Illinois. This lease contained a covenant on the part of the lessee that it "will guarantee and pay, unto the holders of the shares of all the capital stock of the party of the first part [petitioner], whether new or old, amounting to 15,000 shares, an annual dividend of 7 percentum upon the par value of said shares of capital stock * * *." The lease further provided that those payments "shall be free of all Federal taxes which are now or may hereafter be levied by the Government of the United States, upon the payment of dividends, declared or made upon the capital stock of incorporated companies, and that the dividend hereinbefore *371 provided to be paid by the said party of the second part upon the capital stock of the party of the first part, shall be paid in full and without any deduction therefrom for any federal tax whatsoever, upon the payment of said dividend, and that all taxes which may at any time hereafter be due to the United States Government on account of said dividend so paid from time to time, shall be paid by the said party of the second part to the United States Government." In the year 1939 the Alton Railroad Company, successor to the original lessee, operated the leased premises, paid the 7 per cent dividends to the petitioner's stockholders, amounting to $105,000 and also paid for the petitioner income taxes of $20,616.75, reported as due in the manner hereinafter set forth. The petitioner reported as its income for the year 1939 the sum of $105,000, being 7 per cent dividends on its outstanding stock, and the additional amount of $17,325 as the amount of tax due thereon. The latter figure was determined by deducting from the sum of $19,950 (the tentative tax at 19 per cent on $105,000) the sum of $2,625, being 2 1/2 per cent of the dividends paid credit. These computations resulted in the *372 petitioner reporting as net taxable income the sum of $122,325, on which the tentative tax at 19 per cent is $23,241.75. From this sum was deducted 2 1/2 per cent of the dividends paid credit, or $2,625, leaving a balance of $20,616.75, which was paid by the Alton Railroad Company. The respondent determined that the sum of $2,625 was not deductible in computing the tax on the original figure of $105,000, and assessed the resulting deficiency. Opinion VAN FOSSAN, Judge: The only question for our determination is whether or not the petitioner is entitled to deduct the sum of $2,625 in computing the tax on its income of $105,000. There is no question that the amount of dividends paid to the petitioner's stockholders and the amount of tax due thereon are both income to the petitioner. This was decided in United States v. Joliet & Chicago Railroad Company, 315 U.S. 44. In that case, involving the instant taxpayer, the court held that the dividends paid by the lessee were income to the petitioner, although paid directly to the petitioner's stockholders. The court further decided that, since the dividend payments were income realized by the petitioner, *373 the Federal income tax on those sums, which was paid by the Alton Railroad Company, was likewise income taxable to the petitioner, citing Old Colony Trust Co. et al. v. Commissioner, 279 U.S. 716, and United States v. Boston & Maine R.R. Co., 279 U.S. 732. The petitioner contends that under the rule of these cases its income has been increased only in the amount of the net tax due on its dividend income, and that under section 13 (c)[1] this tax must be computed by taking a tentative tax of 19 per cent upon that income and deducting therefrom 2 1/2 per cent of the dividends paid credit. The respondent's contention is that section 13 (c) provides for a tax of 19 per cent on corporations, from which a credit in the amount of 2 1/2 per cent of the dividends paid credit is to be deducted, and that this credit can be allowed only in computing the aggregate, final tax that is due from the lessor and not in computing the amount of tax to be included in its income. *374 The petitioner's contention must be sustained. It is clear that the petitioner received additional income only to the extent that its liability for taxes upon its dividend income was discharged for it by the Alton Railroad Company. As was said by the court in United States v. Boston & Maine R.R. Co., supra: * * * the lessee has paid to the government the taxes due under the law from the lessor. The payment is made in accord with the contract of lease, and is merely a short cut whereby that which the lessee specifically agreed to pay as part of the rental effects that payment by discharging the obligation of the lessor to pay the tax to the government. In this case, also, the lessee paid the taxes directly to the government. Petitioner's additional income resulted from the constructive receipt by it of the amount of tax it was obliged to pay on its dividend of $105,000, and which was paid for it by the Alton Railroad Company. It follows that the amount in question could not be larger than the amount of taxes due on its income of $105,000. The gain is measured by the obligation. What, then was the amount of tax for which the petitioner was liable *375 upon its income of $105,000? Section 13 (c) clearly provides that the tax upon the income of a corporation shall be the tentative tax of 19 per cent "reduced by * * * 2 1/2 per centum of the dividends paid credit." Otherwise stated, there was due on the petitioner's income a tax to be computed by taking a tentative tax of 19 per cent on $105,000, or $19,950, and reducing that amount by 2 1/2 per cent of the dividends paid credit, or $2,625, leaving a balance of $17,325, a simple mathematical operation. Both steps are plainly necessary to determine the amount of tax due under the section. It was this last figure, therefore, which was the amount of tax due on the petitioner's income, and which petitioner's lessee agreed to pay. It was also the amount by which the petitioner's income was increased. To adopt the respondent's theory would be to impose a tax greater than the tax provided for in the statute. Decision will be entered for the petitioner. Footnotes
1. SEC. 13. TAX ON CORPORATIONS IN GENERAL. * * * * *
(c) General Rule. - The tax computed under this subsection shall be as follows: (1) A tentative tax shall first be computed equal to 19 per centum of the adjusted net income. (2) The tax shall be the tentative tax reduced by the sum of - * * * * *
(B) 2 1/2 per centum of the dividends paid credit provided in section 27, but not to exceed 2 1/2 per centum of the adjusted net income.↩