The President and Managers of the Mill Creek and Mine Hill Navigation and Railroad Company v. Commissioner.
President & Managers of the Mill Creek & Mine Hill Navigation & R.R. Co. v. Commissioner
Docket No. 7108.
United States Tax Court
1946 Tax Ct. Memo LEXIS 213; 5 T.C.M. (CCH) 294; T.C.M. (RIA) 46093; April 22, 1946
John E. McClure, Esq., 920 Southern Bldg., Washington 5, D.C., for the petitioner. Ralph A. Gilchrist, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: The Commissioner disallowed petitioner's application for relief under section 722 of the Internal Revenue Code and claim for refund of the excess profits tax of $1,499.50 for 1942 as shown by its return and paid for the reasons that petitioner had not established (1) that the tax computed under subchapter E of Chapter 2 of the Internal Revenue Code, without the benefit of section 722, resulted in an excessive and discriminatory tax within the provisions of section 722 (a) and (b), and (2) what would be a fair and just amount representing normal earnings to be used as a constructive average *214 base period net income for the purpose of an excess profits tax based upon a comparison of normal earnings and earnings during the excess profits tax for 1942. Petitioner assails the action of the Commissioner as erroneous, and asks for a determination of overpayment of taxes of $1,499.50 for 1942. Findings of Fact The petitioner is a corporation organized under the laws of Pennsylvania on July 15, 1829. Its authorized capital consisted of 12,935 shares of common stock of the par value of $25 a share, all of which was outstanding during the years 1936 to 1942, inclusive. Prior to July 25, 1861, petitioner operated certain railroad properties. Its railroad and that of the Philadelphia and Reading Railroad Company were connected by means of another intervening railroad. On July 25, 1861, a contract and lease was executed by and between the petitioner and Philadelphia and Reading Railroad Company, under which all of petitioner's railroad properties were leased to Philadelphia and Reading Railroad Company, its successors and assigns, for a term of 999 years from and including July 25, 1861. Since July 25, 1861, petitioner's railroad properties have been held and operated by Philadelphia *215 and Reading Railroad Company, its successors and assigns, under such contract and lease. Under such lease and contract the lessee was obligated to pay during each year of the continuance thereof yearly rent of $33,000 in equal portions of $16,500 half yearly, on the first day of the months of June and December each year, and in addition thereto * * * all the taxes which may at any time during the continuance of the hereby demised term be, according to law, laid, levied, or assessed upon or against the said demised railroad and premises, and upon the capital stock thereof heretofore issued, and now outstanding, or upon the dividends thereon. During each of the years 1936 to 1942, inclusive, petitioner's Federal income and excess profits taxes paid by the lessee were as follows: Excess
Year
Income Tax
Profits Tax
1936
$ 4,441.51
0
1937
4,461.74
0
1938
6,505.44
0
1939
6,482.73
0
1940
9,741.81
0
1941
12,748.31
204.51
1942
15,521.09
1,499.50
Of the amounts of the above taxes paid by the lessee, petitioner under decisions of the Supreme Court in United States v. Boston & Maine R.R., 279 U.S. 732, and Commissioner v. Old Colony Trust Co., 279 U.S. 716, *216 was required to include for income tax purposes and did include in its gross income for each of the years 1936 to 1942, inclusive, the following amounts: Excess
Year
Income Tax
Profits Tax
1936
$ 3,917.98
0
1937
3,929.97
0
1938
5,466.75
0
1939
5,447.67
0
1940
7,345.67
0
1941
9,228.61
0
1942
10,721.65
0
Petitioner's excess profits tax net income for each of the years 1936 to 1942, inclusive, and the items entering into the computation thereof, are as follows: Items of Gross
Base Period Years
Income
1936
1937
1938
1939
Rental Income
$33,000.00
$33,000.00
$33,000.00
$33,000.00
Dividends
167.08
172.70
171.15
169.60
Interest
545.00
636.39
645.00
545.00
Other Income
Income taxes paid
by Lessee
3,917.98
3,929.97
5,466.75
5,447.67
Total Gross In-
come
$37,630.06
$37,739.06
$39,282.90
$39,162.27
Deductions
662.50
662.50
662.50
662.50
Net Income
$36,967.56
$37,076.56
$38,620.40
$38,499.77
Less: Dividends Rec'd
Credit
142.02
146.80
145.48
144.16
Normal Tax Net In-
come
$36,825.54
$36,929.76
$38,474.92
$38,355.61
Statutory Adjust-
ments: Income Tax
Balance of divi-
dends rec'd
25.06
25.90
25.67
25.44
Excess Profits Net
Income
$36,800.48
$36,903.86
$38,449.25
$38,330.17
*217 Items of Gross
Excess Profits Tax Years
Income
1940
1941
1942
Rental Income
$33,000.00
$33,000.00
$33,000.00
Dividends
169.60
156.21
149.47
Interest
545.00
545.00
545.00
Other Income
6.00
Income taxes paid
by Lessee
7,345.67
9,228.61
10,721.65
Total Gross In-
come
$41,066.27
$42,929.82
$44,416.12
Deductions
331.25
662.50
1,073.75
Net Income
$40,735.02
$42,267.32
$43,342.37
Less: Dividends Rec'd
Credit
144.16
132.78
127.05
Normal Tax Net In-
come
$40,590.86
$42,134.54
$43,215.32
Statutory Adjust-
ments: Income Tax
9,744.81
Balance of divi-
dends rec'd
25.44
23.43
22.42
Excess Profits Net
Income
$30,823.61
$42,111.11
$43,192.90
The petitioner's average base period net income under section 713 without the benefit of section 722 is computed as follows: Excess Profits
Net Income
1936
$36,800.48
1937
36,903.86
1938
38,449.25
1939
38,330.17
Aggregate of excess profits net in-
come for the last 2 years of the
base period
$76,779.42
Aggregate of excess profits net income
for the first half of the base period
73,704.34
Excess of last half over first half
$ 3,075.08
One half thereof
$ 1,537.54
Sum of 1/2 the excess and aggregate
of the last half of the base period
$78,316.96
12/24ths thereof
$39,158.48
*218 The petitioner reported on its excess profits tax returns (Form 1121) as income for 1941 and 1942 the amounts of $42,111.11 and $43,192.90, respectively. The excess profits tax shown upon petitioner's gross profits tax return for 1941 was $204.51 and for 1942 was $1,499.50, which amounts were paid to the collector for the first district of Pennsylvania at Philadelphia in four equal quarterly installments on March 15, June 15, September 15, and December 15, in 1942 and 1943, respectively. The income and excess profits taxes assessed against the petitioner were paid direct to the collector by the Reading Company, lessee, successor to Philadelphia and Reading Railroad Company. If for the years 1941 and 1942 petitioner had not been required to include in its gross income the sums of $9,228.61 and $10,721.65, respectively, the excess profits tax liability of the petitioner for each year would have been zero. On June 10, 1943, petitioner filed its application for relief under section 722 of the Internal Revenue Code, (Form 991 (Revrsed Jan., 1943)) for the year 1942 with the Commissioner of Internal Revenue. In the notice of disallowance, dated November 13, 1944, the *219 Commissioner determined that petitioner's excess profits tax for 1942 was $1,499.50 and disallowed the application for relief and claim for refund under section 722. Opinion The facts in this case are comparable to the facts in the case of Philadelphia, Germantown and Norristown Railroad Company, 6 T.C. 789 (April 22, 1946). Also, the issues presented and the provisions of the Internal Revenue Code and Regulations involved in this proceeding are identical with those in the cited case. Our conclusion is therefore the same as in that case, viz., the evidence fails to show that petitioner is entitled to relief from the excess profits tax for 1942 under section 722 of the Internal Revenue Code. Reviewed by the Special Division. Decision will be entered for respondent.